S. G. HEISKELL *v.* CITY OF KNOXVILLE *et al.*

C. E. LUCKY *v.* CITY OF KNOXVILLE.

(*Knoxville.*   September Term, 1916.)

1. **STATUTES.   Title of acts.   Sufficiency.**

Act of May 13, 1915 (Priv. Laws 1915, chapter 688), is entitled "An act pertaining to the waterworks of the city of Knoxville, to so amend the charter of said city as to provide for a waterwork commission, to define the duties and powers of the commission . . . to provide for the issuance . . . of bonds . . . and to authorize the sale of certain lands owned by the city . . . and to vest said city with the power of eminent domain." The charter of the city of Knoxville is contained in a special act (Laws 1907, chapter 207), which act as amended by Priv. Laws 1911, chapter 498, provides for the waterworks system of the city. *Held*, that the caption of the act of 1915 is sufficient under Const. art. 2, section 17, declaring that all acts which amend former laws shall recite in their caption or otherwise the title or substance of the title or law amended, for the purpose of the constitutional provision was merely to have the caption of acts notify legislators that an amendment of a statute was sought, and the caption of the act of 1915, referring to the charter of the city of Knoxville, was sufficient for that purpose. (*Post, pp.* 377-383.)

Acts cited and construed:  Acts 1873, ch. 49;  Acts 1877, ch. 171;  Acts 1903, ch. 153;  Acts 1907, ch. 207;  Acts 1911, ch. 498;  Acts 1915, ch. 688.

Case cited and approved:  State v. Gaines, 69 Tenn., 734.

Constitution cited and construed:  Art. 2, sec. 17.

2. **CONSTITUTIONAL LAW.    Construction of statutes.    Intendments.**

All intendments will be made and all doubts resolved in favor of that interpretation of a statute which will support it. (*Post, pp.* 383-385.)

Case cited and approved:  State v. Yardley, 95 Tenn., 560.

Case cited and distinguished:  Van Dyke v. Thompson, —— Tenn., ——.

FROM KNOX.

Appeal from the Chancery Court of Knox County. —WILL D. WRIGHT, Chancellor.

J. PIKE POWERS JR., for appellants.

W. T. KENNERLY and NOBLE SMITHSON, for appellee S. G. Heiskell.

FOWLER & FOWLER, for appellee C. E. Lucky.

MR. JUSTICE FANCHER delivered the opinion of the Court.

We have two suits here presenting practically the same question. The Heiskell case will be first discussed.

This suit involves the constitutionalty of an act of the legislature of Tennessee, passed May 13, 1915 (chapter 688), the caption of which is as follows:

"An act pertaining to the waterworks of the city of Knoxville, to so amend the charter of said city as to provide for a waterworks commission, to define the duties and powers of such commission, and provide a method for their removal, to provide for the issuance by said city of not more than five hundred thousand dollars of bonds to be a charge upon the waterworks system, for the construction of new plants

for the pumping, purification and storage of water and improvement of the present pumping and distribution system, and to authorize the sale of certain lands owned by the city to provide an additional fund for the construction of said plants and making said improvements, and to vest said city with the power of eminent domain for said purpose."

The purpose of the bill was to enjoin the waterworks commission, consisting of three members and elected by the board of commissioners of the city of Knoxville, from proceeding to execute said act. A demurrer to the bill was overruled by the chancellor, who, in an able opinion, held that this act was in conflict with the third section of article 2, section 17, of the Constitution, which provides:

"All acts which repeal, revive or amend former laws, shall recite in their caption, or otherwise, the title or substance of the law repealed, revived or amended."

It is said that neither caption nor body of this act recites the title or substance of the law amended. One argument against the constitutionality of the act is that charters of incorporation for municipalities in this State may be obtained under the general law, or by special statute of the legislature. Charters under the general law may be obtained applying to any given territory upon the application of fourteen freeholders and the holding of an election by the freeholders within a prescribed territory. It is said that the act now in question does not indicate whether the law

it proposes to amend is one under the general law or by special statute, and that there is no law in Tennessee known as the charter of the city of Knoxville.

A municipal charter obtained under the general law cannot be amended by a recitation of the title, because there is no title to such an incorporation; but, whether it be a charter under the general law or by special act, the substance of the law may be recited.

Furthermore, if it were necessary to refer to the title or caption alone, it would be necessary to refer to the exact act of legislation.

The learned chancellor correctly stated the requirement of article 2, section 17, of the Constitution. He said:

"The true test in all cases is that the amendatory act must either in the caption or the body of the act recite the title or substance of the law sought to be amended.",

There must be some index in the caption or otherwise that will lead directly and unerringly to the exact law sought to be repealed, revised or amended.

The charter of the city of Knoxville in reality is a special act of the legislature, being chapter 207 of the Acts of 1907, and other acts amendatory thereof, including the Act of 1911 (chapter 498.)

The Act of 1907 (chapter 207) has the following caption:

"An act to incorporate the city of Knoxville, in Knox county, Tennessee, and to define the rights, powers, and liabilities of the same."

The Act of 1911 (chapter 498) refers to the Act of 1907 as the charter of the city of Knoxville, Tenn., and it provides:

"That the charter of the city of Knoxville, Tennessee, being chapter 207 of the Act of 1907, of the general assembly of the State of Tennessee and the acts amendatory thereof, is hereby amended as hereinafter provided."

The Act of 1907 (chapter 207) on the subject of waterworks, re-enacts certain provisions of a former Act of 1903 (chapter 153), which provides for waterworks and a waterworks commission, authorizing the city of Knoxville to build and own its own water plant, with power to issue bonds for that purpose.

The complainant alleges that there are several legislative acts constituting the charter of the city of Knoxville; that therefore in order to amend the charter of incorporation it will be necessary to recite the caption or substance of all of them. We think that this would require too much. Many amendatory acts would fail if such great particularity should be required. The subject of a law may be stated without referring to any particular act. The Constitution does not require that the substance of each particular act, referring to it as a separate piece of legislation, should be recited. The purpose of this provision of the Constitution, as stated in many opinions, was to give the members of the legislature notice of what they are called upon to repeal, revise, or amend. This is an age of practical things. If a citation or reference

to a former law has such certainty that it will unerringly point to the subject of law sought to be amended so that the mind of lawyer and layman alike shall so understand it, this is a sufficient index regardless of mere formality. This act proposes to amend the charter of the city of Knoxville upon the subject of waterworks, and it cannot by any possibility refer to anything but the Act of 1907 (chapter 207) and amendments thereto. It is not necessary for us to define a city charter. All persons of intelligence know what that is.

Inasmuch as the act in question deals alone with the subject of the waterworks as affecting the city of Knoxville under its charter, what practical mind can fail to know the exact law which is amended? There is not a suggestion of uncertainty upon this point in this entire record. All parties to the suit and attorneys in the case, as well as the learned chancellor, who held the statute in question invalid, know and are bound to admit that the charter of the city of Knoxville, as embraced in the Act of 1907 (chapter 207) and amendments thereto, constitute the charter referred to in this amendatory act.

Suppose that this charter was one under the general law instead of a special act. It could only be recited by showing the substance of the law, and we know of no more definite and certain way in which the law creating a municipal corporation can be referred to than to call it the charter of the given city. This would afford an index so that slight investigation would show whether it was incorporated

under the general law or by special act. The body of this act, as well as the caption, shows that the waterworks of the city of Knoxville, as provided for under its charter, constitute the subject of legislation and show that the act is amendatory of the charter in that respect. The act does not recite the title, but it does recite the substance of the law amended, and under the authorities this is all that is required.

The caption of chapter 49 of the Acts of 1873 is as follows:

"An act to be entitled An act to regulate and declare the duties of the adjutant general of the State and private secretary of the governor, and fix the compensation of said officer, and to repeal section 2 of an act passed December 17, 1869, and section 2, of the act passed December 13, 1867."

This act of 1873 fixed the salary of the adjutant general of this State at $150 per month.

The Act of 1877 (chapter 171) had the following caption:

"An act to defray the current expenses of this session of the general assembly, and to defray the current expenses of the State government for the next two years and three months."

This act of 1877 fixed the salary of the adjutant general at $1,200, instead of $1,800 per annum.

It enacted:

"That all laws providing a salary for any officer named in this act in excess of the amount herein

appropriated for said officer, are so modified as to conform to this act.''

The act of 1877 therefore was amendatory of the act of 1873. It did not refer to the act of 1873 in terms, but it was held that there was sufficient recitation in the act of the substance of the law amended, viz. the fixing of the compensation of the adjutant general.

The action of the Comptroller was upheld, refusing to pay the original salary. *State* v. *Gaines*, 1 Lea, 734.

We have many other instances showing a liberal interpretation by the courts and upholding amendatory acts where the caption or the body of the act taken as a whole and from a practical standpoint indicated the subject of legislation sought to be affected.

All intendments will be made and all doubts will be resolved in favor of that interpretation which will support the act and avoid conflict with the Constitution. *State* v. *Yardley*, 95 Tenn., 560.

In a more recent manuscript opinion by Mr. Justice Buchanan, in the case of *Van Dyke* v. *Thompson,* an act of 1911 was upheld having the following caption:

''An act to amend the charter of the city of Chattanooga and all acts amendatory thereof.''

There was no reference in the caption nor in the body of the act involved in that suit to the title or caption of the charter of Chattanooga, nor to the law where it could be found. It was contended in that case by the first assignment of error that ar-

ticle 2, sec. 17, of the Constitution, was violated. The court held otherwise, affirming the decree of Chancellor McConnell. In this court it was declared:

"The title of the act of 1911 gave notice on the introduction of the bill that the subject of the legislation proposed by the bill was the amendment of the charter of the city of Chattanooga, Tenn., and further the amendment of all acts amendatory of the charter."

In the present suit, the act in question does not refer to the former acts amending the charter as in the Chattanooga amendatory act but this is unnecessary, because the charter was composed of the original act and the several amendments thereto, not as separate parts, but as a composite whole.

We deem it unnecessary to multiply authorities. We are satisfied the legislature had sufficient notice from the caption of the act, as well as the body, of the substance of the law sought to be amended. The exact subject affecting this charter was the subject of waterworks. The first words in the caption recite that it was "An act pertaining to the waterworks of the city of Knoxville." The caption did not expressly state that it was an act to amend the former law pertaining to the waterworks of the city of Knoxville, but by all proper intendment and construction it was apparent that this was the subject sought to be amended, because, after pointing out that it was an act pertaining to such waterworks, it thereupon recited that it was to "so amend the charter of said

city as to provide for a waterworks commission," etc. By section 12 of the act, it was provided:

"That the charter of the city of Knoxville be and the same is hereby so amended as to conform to the provisions of this act."

Without a doubt these provisions indicated a purpose to amend the charter of said city on the subject of waterworks. The fact that it pointed out the charter to be amended constituted sufficient recitation of the substance of the act.

We also have before us the case of *C. E. Lucky* v. *City of Knoxville,* involving a like question to the above. This case arises on another statute purporting "to amend the charter of the city of Knoxville," and providing that the board of education thereof shall have full power and authority to select the real estate upon which to build school buildings and in which to conduct the schools of the city, to adopt plans, to employ architects, and to construct improvements thereon, purchase supplies, to employ superintendent and teachers, and to make rules and regulations for the government of the schools. It is agreed by counsel that this involves a like question to that above decided. The chancellor came to the same conclusion in this case, being of opinion that the act was invalid. This act is on the subject of public schools and education as applying to said city of Knoxville, and, inasmuch as it fully indicates a purpose to amend the charter of said city upon that subject, it sufficiently recites the substance of the law amended.

The result is that in both these cases the decree of the chancellor will be reversed.