## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF TENNESSEE

### FOR THE

## DECEMBER TERM, 1920.

---

C. L. GREENWOOD et al v. C. H. RICKMAN et al.*

(*Nashville.* December Term, 1920.)

1. SCHOOLS AND SCHCOL DISTRICTS. Legislature may create special school district.

The legislature has power to create a special school district. (*Post,* p. 370.)

Acts cited and construed: Acts 1921, ch. 490.

Case cited and approved: Quinn v. Hester, 135 Tenn., 373.

Constitution cited and construed: Sec. 3, art. 2.

2. CONSTITUTIONAL LAW. Statute creating special district held not to make voting bonds a condition precedent.

Private Acts 1921, chapter 490, creating special school district, *held* not to depend on the voting of bonds by the electorate of such district, such election being merely an incident to its general purpose, so that it is not subject to the objection of being invalid for making voting of bonds a condition precedent. (*Post, pp.* 370, 371.)

Case cited and approved: Wright v. Cunningham, 115 Tenn., 445.

---

*On constitutional enumeration of subjects of tax exemption as affecting power ˅of Legislature to free government securities or property from taxation, see note in 9 A. L. R., 436.

3. **STATUTES.** Act establishing special district need not recite in caption title and substance of act repealed or partly repealed by implication.

If Private Acts 1921, chapter 490, establishing special school district, repeals any portion of the general school law (Act 1907, chapter 236), under which Putnam county was laid off into five school districts, it does so only by implication, and hence a recital in its caption of the title and substance of the act repealed or partly repealed was unnecessary. (*Post, p.* 371.)

Acts cited and construed: Acts 1907, ch. 236; Acts 1921, ch. 490.

Cases cited and approved: State v. Yardley, 95 Tenn., 558; Hunter v. Memphis, 93 Tenn., 571; Ballentine v. Mayor, 83 Tenn., 633; Railroad v. Crider, 91 Tenn., 507; Home Ins. Co. v. Taxing Dist., 72 Tenn., 650.

Constitution cited and construed: Sec. 17, art. 2.

4. **TAXATION.** Additional poll tax for school purposes not objectionable as double assessment.

Private Acts 1921, chapter 490, establishing a special school district in Putnam county, does not contravene Constitution, article 2, section 25, because levying a $1 poll tax on each legal voter within the district on the ground that it is a double assessment, since the legislature may authorize an additional poll tax for school purposes. (*Post, pp.* 371, 372.)

Constitution cited and construed: Sec. 25, art. 2.

5. **STATUTES.** Act creating special school district held not to violate Constitution as to recital as to amended law in its caption.

Private Acts 1921, chapter 490, creating a special school district in Putnam county, does not violate Constitution, article 2, section 17, because by section 12 of the act poll taxes to be collected by the municipality of the town of Algood and appropriated to such district, since its caption expressly recites that it is to amend the charter of such town, so as to appropriate the poll taxes therein to the school fund of such district. (*Post, pp.* 372, 373.)

Acts cited and construed: Acts 1921, ch. 490.

Greenwood v. Rickman.

Case cited and approved: Van Dyke v. Thompson, 136 Tenn , 136.

Constitution cited and construed: Art. 2, sec. 17.

6. **STATUTES.** Liberal interpretation rule in upholding amendatory acts where body and caption indicate legislation sought to be effected.

A liberal interpretation in upholding amendatory acts is the rule where the body and caption of the act, taken as a whole, and from a practiced viewpoint, indicate the legislation sought to be effected. (*Post, p.* 373.)

Cases cited and approved: Heiskell v. Knoxville, 136 Tenn., 376; Luchrman v. Taxing Dist., 70 Tenn., 425.

7. **STATUTES.** Act establishing special school district held to repeal provision of former act by implication, if at all, so that its caption need not recite title or substance of act affected.

If Private Acts 1921, chapter 490, section 9, does not violate Constitution, article 2, section 17, because it repeals a provision of the charter of the town of Algood creating such town and making it a special school district, and makes no reference to such repeal in its caption, thus making the body of the act broader than the caption, such repeal is by implication, so that the title or substance of the act affected need not be expressly recited in the caption of such repealing act. (*Post, p.* 373.)

Acts cited and construed: Acts 1911, ch. 615; Acts 1921, ch. 490, sec. 9.

Constitution cited and construed: Sec. 17, art. 2.

8. **CONSTITUTIONAL LAW.** Act creating special district held not to discriminate against colored children.

Private Acts 1921, chapter 490, does not violate Constitution U. S. Amendment 14, nor Constitution Tennessee, article 11, section 8, because discriminating against colored children, since it provides for giving them equal opportunities for securing an education in the free schools of said district. (*Post, pp.* 373, 374.)

9. **TAXATION.** Exemption of school district bonds from taxation not violation of uniformity provisions.

Private Acts 1921, chapter 490, establishing a special school district in Putnam county, does not violate Constitution, article 2, section 28, relating to uniformity of taxation, because undertaking to exempt bonds of the district from taxation, since the General Assembly has power to exempt State, county, municipal, and school bonds. (*Post, pp.* 374, 375.)

10. **TAXATION.** Act establishing special district held not in contravention of Constitution as to delegating taxing power.

Private Acts 1921, chapter 490, establishing a special school district in Putnam county, is not in contravention of Constitution, article 2, section 29, which impliedly forbids the General Assembly to delegate the power of taxation except to counties and incorporated towns, since it gives no discretion to the school district by the act relating to the exemption of school bonds to be issued from taxation. (*Post, pp.* 374, 375.)

Acts cited and construed: Acts 1921, ch. 490.

Case cited and approved: Foster v. Roberts, 142 Tenn., 350.

Constitution cited and construed: Sec. 28, art. 2.

11. **STATUTES.** Act establishing a special school district held not invalid for embracing more than one subject.

Private Acts 1921, chapter 490, establishing a special school district in Putnam county, and providing for the issuing of bonds, and for the levying of taxes to pay the same and interest thereon, and to provide a fund to lengthen the school term, and to amend the charter of a town, *held* not invalid for the reason that its caption and body embraces more than one subject, since such matters are directly and intimately connected with its general purpose, and necessary to carry it out. (*Post, pp.* 375, 376.)

Acts cited and construed: Acts 1911, ch. 615; Acts 1921, ch. 490.

Cases cited and approved: State v. Schlitz Brewing Co., 104 Tenn., 715; Memphis Street Railway Co. v. State, 110 Tenn., 598; Cannon v. Mathes, 55 Tenn., 504.

Constitution cited and construed: Sec. 17, art. 2.

Greenwood v. Rickman.

12. **TAXATION.** Act establishing special district held not invalid for double taxation.

Private Acts 1921, chapter 490, establishing special school district in Putnam county, embracing part of a town, *held* not invalid because of double taxaton as to those outside of the town of Algood, in view of its charter, article 7, section 4, providing that the poll tax should go to the public schools. (*Post, pp.* 376, 377.)

13. **APPEAL AND ERROR.** Objection to demurrer should be made in lower court by motion to strike or make more definite.

An objection that a demurrer was defective because failing to state specifically the objections made to the bill, as required by Shannon's Code, section 4655, must be made below by motion to strike or to make more specific. (*Post, p.* 377.)

Code cited and construed: Sec. 4655 (S.).

FROM PUTNAM.

Appeal from the Chancery Court of Putnam County.— HON. W. R. OFFICER, Chancellor.

A. ALGOOD and B. G. ADCOCK, for appellants.

O. K. HOLLADAY and ROBERTS & COOPER, for appellees.

MR. JUSTICE HALL delivered the opinion of the Court.

The bill in this cause challenges the constitutionality of chapter 490 of the Private Acts of 1921, which act was later amended in a minor particular, which amendment is immaterial, and need not be further noticed in the determination of the questions presented upon this appeal.

This statute undertook to create a special school district in Putnam county; define its boundaries, and to levy a tax for school purposes on the property situated in said district, and to provide for the voting, issuance, and sale of bonds by said district, the proceeds of which were to be used in building a schoolhouse for the use and benefit of said district. The bill was filed by complainants, as citizens and taxpayers of said district, against the defendants, who, by the terms of said statute, were constituted a bond commission for said district, and whose duty it was made to issue and sell said bonds upon their being voted at an election to be held for that purpose.

A demurrer was filed by defendants, which was overruled by the chancellor, he being of the opinion that the statute was invalid; and a decree was accordingly entered.

The defendants have appealed to this court, and have assigned the action of the chancellor in overruling said demurrer for error.

The caption of the act is as follows:

"An act to establish an independent school district in Putnam county, Tennessee, coextensive with and embracing the Nineteenth civil district of said county; to provide for an election to be held in said district to ascertain the will of the legal voters therein with respect to the issuance of school bonds, and upon affirmative vote of the people to issue thirty thousand dollars school bonds, the proceeds of sale of such bonds to be used in the erection of a public school building; to provide for the management of the public schools to be conducted therein; to levy a tax for the purpose of procuring funds with which to pay interest on said bonds and for the extension of the public schools therein, and for other relevant purposes; to

amend the charter of the town of Algood, so as to appropriate the poll taxes therein to the school fund of said school district; that any unconstitutional provision of this act shall not invalidate the rest of it."

Section 1 of said act provides: "Be it enacted by the general assembly of the State of Tennessee, that there is hereby created an independent school district in Putnam county, Tennessee, out of the territory now comprising the Nineteenth civil district of said county, and coextensive with said civil district. [Then follows the boundaries of said district.] All the inhabitants of said Nineteenth civil district shall be and constitute the inhabitants of the independent school district created hereby, and shall be clothed with all the powers and entitled to all the privileges and advantages of said independent school district, which shall be known as Algood school district."

Section 2 provides: "That on Saturday, April 2, 1921, within legal hours at the regular voting precincts in Algood, Tennessee, an election shall be opened and held under the authority of the county election commissioners of Putnam county, who shall name and designate officers of election in the usual way, for the purpose of ascertaining the will of the qualified voters of Algood school district respecting the issuance of thirty thousand dollars school bonds, as hereinafter provided. Those favoring the issuance of such bonds shall have written or printed on their ballots the words 'For School Bonds,' those opposing the issuance of such bonds shall have the words 'Against School Bonds.' The result of the election thus held shall be certified to the election commissioners of Putnam county within five days after same is held. The county election commissioners shall then promptly declare the result

of said election. If a majority of the legal votes cast at said election shall be in favor of the issuance of the bonds as aforesaid, then in that event school bonds shall be issued in the manner and for the purpose hereinafter set forth. But in case a majority of the legal votes cast in said election shall be against the issuance of such bonds, then bonds cannot be legally issued under this act, it being the object and intent of this act to make the issuance of bonds wholly dependent upon the affirmative vote of a majority of the legal voters of Algood school district, the qualifications for voting in said election shall be the same as in general State elections."

Section 3 provides that, upon an affirmative majority vote in favor of the issuance of said bonds, defendants Rickman, Moore, and Pointer shall sell the same.

Section 4 provides that the fund to be derived from a sale of said bonds, supplemented by funds secured from other sources, shall be applied to the purchase of a school site and the erection and equipment of a school building for white children; the fund to be handled, controlled, and expended by the county board of education, which board is given the power to locate the school building, acquire a building site for same, either by gift or purchase, and take deed to themselves and their successors, and hold the same in trust for said school district.

Section 6 levies a tax of forty cents on each one hundred dollars on all property, real, personal, and mixed, situated within said district, and provides that, after the payment of the interest on said bonds, the remainder of the fund thus raised by taxation shall be expended in lengthening the school term of the free schools within said district, and, if anything remains after defraying the ac-

tual and necessary expenses of a nine months' free school, such remainder shall be set apart as a sinking fund and kept at interest in some solvent bank for the purpose of redeeming and paying the bonds' voted, issued and sold under the provisions of said act.

Section 7 provides for the teaching of certain branches in said school, and for the attendance of students from outside the district on payment of tuition.

Section 8 authorizes and empowers the county court of Putnam county to levy taxes on the property within said district to pay said bonds if necessary.

Section 9 directs that the Railroad Commission certify the value of any property situated within said district belonging to public utilities for tax purposes.

Section 10 makes it the duty of the county trustee semiannually, out of funds raised by taxation under said act from property within said district, to pay promptly the interest due on said bonds.

Section 11 provides that it shall be the duty of the county board of education, who is given the management of the schools of said district, to make suitable and proper provisions for the education of the colored children within said district, giving to them an opportunity to secure an education in the free schools of said district.

Section 12 levies a poll tax of $1 on each legal voter over the age of twenty-one and under the age of fifty years, except such persons as may be excused from payment of poll tax by the county court of Putnam county. That the poll taxes levied and collected by the town of Algood shall be apportioned to the school fund of said district, but those paying poll taxes within said town shall not be subject to assessment of poll taxes provided for in the first

145 Tenn.—24.

paragraph of said section, against the other residents of said school district.

Section 13 forbids discrimination as between the children living within the incorporate limits of the town of Algood and those living outside of the incorporate limits of said town and within the school district.

By section 14 it is provided that any unconstitutional provision in the act shall not invalidate the remainder of the act.

Section 15 provides that said act shall take effect from and after its passage, the public welfare requiring it.

The bill alleges that the act is unconstitutional and void because:

(1) The issuance of the bonds provided for in the act "is the object of the act," and that its effect and validif is made to depend on a favorable vote being had at the election to be held under the terms of the act for the issuance and sale of said bonds; and therefore said act contravenes section 3 of article 2 of the Constitution, which vests the legislative power of the State in the general assembly, and which power cannot be delegated, except to counties and incorporated towns, as provided by section 29 of said article.

There can be no question as to the power of the legislature to create a special school district. *Quinn* v. *Hester,* 135 Tenn., 373, 186 S. W., 459.

The question is, however, whether the voting of the bonds authorized by the act in question is made a condition precedent to the act taking effect. If such is the case the act must be held invalid. *Wright* v. *Cunningham,* 115 Tenn., 445, 91 S. W., 293.

We are of the opinion that the effect and validity of said act is not made to depend upon the voting of said bonds by the electorate of said district. On the contrary, in the first section of said act said district is unconditionally created. The holding of an election for the purpose of voting bonds, from which to secure a fund with which to erect a schoolhouse, is merely an incident to the general purpose of the act. The first objection to the act is therefore not well taken.

(2) It is said that the body of the act is broader than its caption, in that it repeals, or partially repeals, the general school law of the State, which is chapter 236 of the acts of 1907; that under the Act of 1907 Putnam county was laid off into five school districts, and the act under consideration undertakes to establish an independent school district out of one of said districts created by the Act of 1907, without making any reference to the partial repeal of said act, either in its caption or body, and that it therefore contravenes section 17 of article 2 of the Constitution.

This objection to the act is not well taken. If the act repeals any portion of the act of 1907, it only does so by implication, and it was not necessary for said act to recite in its caption the title or substance of the act repealed or partially repealed. This has been repeatedly held by this court. *State* v. *Yardley,* 95 Tenn., 558, 32 S. W., 481, 34 L. R. A., 656; *Hunter* v. *Memphis,* 93 Tenn., 571, 26 S. W., 828; *Ballentine* v. *Mayor,* 15 Lea, 633; *Railroad* v. *Crider,* 91 Tenn., 507, 19 S. W., 618; *Home Insurance Co.* v. *Taxing District,* 4 Lea, 650.

(3) It is next said that the act contravenes article 2, section 25, of the Constitution, for the reason that a levy of

$1 poll tax is imposed on each legal voter within said district over the age of twenty-one and under the age of fifty years, except such voters as may be excused from the payment of poll tax by the county court of Putnam county on account of physical or mental infirmity; that the levy of such poll tax is a double assessment, for the reason that the State has already levied for the present year one poll tax against each legal voter within said school and civil district for state purposes, and that no fund or other poll tax could be legally levied for any purpose.

This contention is not well taken. The power of the legislature to authorize the levy of an additional poll tax for school purposes cannot be questioned. This power has not been doubted in this State since the holding of this court in *Ballentine* v. *Mayor*, supra, in which case it was held that a tax for school purposes was a tax for the public benefit, and within the taxing power of the legislature. Therefore, it was competent for the legislature to establish the school district in question in furtherance of a wholesome and laudible public purpose, and to directly levy taxes for its support. *Quinn* v. *Hester*, supra.

(4) It is next said that the act violates section 17 of article 2 of the Constitution, because by section 12 thereof the poll taxes to be collected by the municipality of the town of Algood are appropriated to the use of said school district, which is an attempted amendment to the charter of said municipality, and no reference is made to the same in the caption of said act, and that this renders the body of the act broader than its caption.

The caption of the challenged act expressly recites the nature of said amendment in these words:

"To amend the charter of the Town of Algood, so as to appropriate the poll taxes therein to the school fund of said school district."

This was a sufficient reference to the act amended. *Van Dyke* v. *Thompson,* 136 Tenn., 136, 189 S. W., 62.

This court has established a liberal interpretation in upholding amendatory acts where the caption and the body of the act, taken as a whole, and from a practical standpoint, indicates the subject of the legislation sought to be effected. *Heiskell* v. *Knoxville,* 136 Tenn., 376, 189 S. W., 857; *Luehrman* v. *Taxing District,* 2 Lea, 425.

(5) It is said that the act violates section 17 of article 2 of the Constitution, because by article 9, section 1, of the charter of the town of Algood (chapter 615, Private Acts. of 1911), said town was created and made a special school district, and the challenged act repeals this provision of said charter without making any reference to such repeal in the caption of said act, and that therefore the body of said act is broader than its caption.

A sufficient answer to this objection is that, if the act under consideration repeals any portion of the act of 1911, it does so by implication, and not expressly. It was not, therefore, necessary for the repealing act to expressly recite the title or substance of the act affected by such repeal. See authorities cited in answer to the bill's second objection to the act.

(6) It is said that said act violates the Fourteenth Amendment of the federal Constitution, because, by the terms of said act, the colored children of said district are not given any benefit of the funds to be raised by taxation under said act to support said district, though the property of the colored citizens and taxpayers of said district is

to be assessed the same as the property of the white citizens and taxpayers of said district. It is further said that, for this reason, said act violates section 8 of article 11 of the State Constitution, because it grants to the white citizens and taxpayers of said district rights, privileges, and benefits which are not granted to the colored citizens and taxpayers of said district, and is therefore vicious class legislation.

This objection to the act is made by the three colored complainants to the bill. Burgess, Paragon, and Marchbanks. By section 11 of the act it is expressly made the duty of the county board of education, who is given the control and management of the schools of said district, to make suitable and proper provisions for the education of the colored children within said district, and give them an opportunity to secure an education in the free schools of said district. The act, therefore, is not subject to the criticism made that it discriminates against the colored citizens and taxpayers of said district.

(7) It is next said that said act violates section 28 of article 2 of the Constitution, relating to the uniformity of taxation, and is also in contravention of section 29 of article 2 of the Constitution, which impliedly forbids the general assembly to delegate the power of taxation except to counties or incorporated towns. It is said this is true because the act undertakes to exempt the bonds to be issued by said district from taxation.

Considering the second objection first, no discretion whatever is given the school district by the act relating to the exemption of the school bonds to be issued from taxation. Therefore, section 29 of article 2 of the Constitution has no application.

Now, coming to the first objection, it cannot be doubted, since the holding of this court in the case of *Foster* v. *Roberts,* 142 Tenn., 350, 219 S. W., 729, 9 A. L. R., 431, that the State has the power, through its general assembly, to exempt State, county, municipal, and school bonds from taxation. In that case this court held that property held by the State, or a subdivision thereof, which is used exclusively for public purposes, may be exempted from taxation by the legislature. This being true, it follows, as a matter of course, that the legislature had the power to exempt the bonds of this special school district from taxation.

(8) It is next said that the act is invalid for the reason that both in its caption and body it embraces more than one subject; that it provides for the issuing of bonds, for the levying of taxes to pay the same and the interest thereon, and to provide a fund to lengthen the school term in said district to nine months, and to amend the charter of the town of Algood.

We do not think. the act is invalid for this reason, because all the matters mentioned were germane to the general purpose of the act, being directly and intimately connected therewith, and were necessary to carry out the general purpose of said act. *State* v. *Schlitz Brewing Co.,* 104 Tenn., 715, 59 S. W., 1033, 78 Am. St. Rep., 941; *Memphis Street Railway Co.* v. *State,* 110 Tenn., 598, 75 S. W., 738; *Cannon* v. *Mathes,* 8 Heisk., 504.

(9) It is next said that the act violates section 17 of article 2 of the Constitution, because it amends section 2 of article 7 of the charter of the town of Algood (chapter 615, Private Acts of 1911), by which said town was only authorized to levy a tax of not more than fifty cents on the

Greenwood v. Rickman.

$100 worth of taxable property situated within said munic-
ipality, such tax levy to be based on- the actual assessed
value of such property, because no reference is made to
said amendment in the caption of said act.

A sufficient answer to this objection is the same made
to other similar objections to the act in this opinion.    If
the act amends section 2 of article 7 of the charter of the
town of Algood, it does so by implication only.    It does
not expressly undertake to so amend said act, and it was
not therefore necessary to make any reference to the
•amendment in the caption of the amendatory act.

(10) It is next said that the bill alleges that the town of
Algood has levied for the present year, and before the pas-
sage of the act involved, a tax of fifty cents on each $100
worth of property, and a poll tax of fifty cents on each per-
son subject to poll tax within its corporate limits, and that
the levy of a poll tax of $1 on the legal voters living with-
in said school district, and outside the corporate limits
of the town of Algood, is not only double taxation as to
those outside, but is a less tax than is levied against the
citizens living within the corporate limits of said town.

This contention is not well grounded.    It is expressly
provided by section 4 of article 7 of the charter of Algood:

"That all persons living within said corporation who are
subject to a poll tax shall pay the sum of $1 as poll tax,
which shall go to the benefit of the public schools within
said corporation."

Thus it will be seen that the poll tax directed to be
assessed by the charter of Algood against those who are
subject to poll tax is the same as that directed to be as-
sessed by the act creating said special school district
against those living outside of the corporate limits of said

town of Algood, but within said school district. The act creating said school district expressly provides in section 12 thereof:

"That the poll taxes levied and collected by the town of Algood shall be appropriated to the school fund of said district, but those paying poll taxes within said town shall not be subject to assessment of poll taxes hereinabove provided, against the other residents of said school district."

It results, therefore, that there is no discrimination made in the act in the matter of levying and assessing a poll tax against those subject to the payment of a poll tax within said district. Both those living within the corporate limits of the town of Algood and those living outside of such corporate limits, but within the school district, are required to pay the same amount as a poll tax for school purposes.

(11) It is next said that the demurrer was defective because it failed to state specifically the objections made to the bill, as required by section 4655 of Shannon's Code.

No objection was made to the demurrer by complainants on this ground. No motion was made in the court below to strike it, or have it set out the objections to the bill more specifically.

It results that we are of the opinion that the chancellor committed error in holding said act invalid. His decree will, therefore, be reversed and complainants' bill will be dismissed with costs.