## DOCK MINTER *v*. THE STATE.

### (*Nashville*.   December Term, 1921.)

1. **INTOXICATING LIQUORS.** Evidence held sufficient to support conviction of possing and transporting.

In prosecution for unlawfully possessing and transporting intoxicating liquors, evidence *held* sufficient to support verdict of guilty. (*Post, p.* 680.)

Acts cited and construed: Acts 1917, ch. 12.

2. **CRIMINAL LAW.** Where whole charge complained of is not set out it is not reviewable and instructions presumed correct.

Where error is based on charge to the jury and only an extract is set out, it cannot be reviewed on appeal, and it will be presumed that the charge as a whole correctly stated the law. (*Post, pp.* 680, 681.)

3. **STATUTES.** Statute held not unconstitutional for failure to refer to laws amended by it.

A statute (Pub. Laws 1921, chapter 130) whose caption was "An act to provide that the minimum fine in all cases of conviction for the violation of the laws . . . prohibiting the manufacture, sale, importation, transportation or possession of intoxicating liquors shall not be less than one hundred dollars," is a sufficient reference to the laws amended thereby and is not contrary to Constitution, article 2, section 17, providing that all acts which repeal, revive, or amend former laws shall recite in their caption, or otherwise, the title or substance of the laws repealed, revived, or amended. (*Post, pp.* 681, 682.)

Constitution cited and construed: Sec. 17, art. 2.

4. **STATUTES.** Certainty required in citing or referring in repealing or amending law to laws repealed or amended stated.

If a citation or reference to a former law in a repealing or amending law is of such certainty as will unerringly point to the sub-

Minter v. State.

ject of the law sought to be repealed or amended so that the mind of lawyer and layman alike shall so understand it constitutes a sufficient index of the law sought to be repealed or amended regardless of mere formality.  (*Post, p.* 682.)

Case cited and approved: Heiskell v. City of Knoxville, 136 Tenn., 376.

5. **CONSTITUTIONAL LAW.** All doubts resolved in favor, of constitutionality of act.

All intendments will be made and all doubts will be resolved in favor of that interpretation which will support an act challenged and avoid conflict with Constitution.  (*Post, pp.* 682, 683.)

Acts cited and construed: Acts 1909, chs. 1, 10;  Acts 1917, ch. 12.

Cases cited and approved: State v. Yardley, 95 Tenn., 560;  Heiskell v. City of Knoxville, 136 Tenn., 376.

Constitution cited and construed:  Sec. 17, art. 1.

FROM RUTHERFORD.

Error to the Circuit Court of Rutherford County.—Hon. Jno E. Richardson, Judge.

Wiesman & Knott, for plaintiff in error.

Wm. H. Swiggart, Jr., for the State.

Mr. Justice Hall delivered the opinion of the Court.

The plaintiff in error, Dock Minter, was indicted in the circuit court of Rutherford county for unlawfully possessing and transporting intoxicating liquors in violation of chapter 12 of the Acts of 1917.  He was tried before the court and a jury and found guilty, the jury having fixed

his fine at $100; and judgment having been rendered accordingly, he has appealed to this court and has assigned errors.

By the first error assigned it is insisted that the evidence preponderates against the verdict.

We think the evidence overwhelmingly preponderates in favor of the verdict of guilty rather than against it. The plaintiff in error was arrested by the officers at Christina, in Rutherford county, on the —— day of May, 1921. Just before his arrest he was in a colored restaurant at Christina, and upon seeing the officers, who were approaching the restaurant, he ran out the front door and crossed a fence that inclosed a field or lot near the restaurant, and when he had proceeded into this field about twenty feet from the fence he took two bottles from his pocket and broke them over a rock in the presence of the officers. He was immediately arrested, and an examination of the contents of said bottles was made by the officers. The three officers testified that the contents of said bottles consisted of white corn whisky. They say that they could smell the whisky perceptibly. One of the officers says that he put his hand in some of the fluid, which had run from the rock onto the ground, and smelled of it, and that it was whisky. All of the officers were certain in their testimony that it was whisky.

Plaintiff in error testified that the bottles contained denatured alcohol, which he had procured from a drug store in Nashville for medical purposes. We think, however, the weight of the evidence is against the plaintiff in error's contention.

By his second assignment of error plaintiff in error insists that the court erred in its charge to the jury, in that

he stated to the jury that if they believed beyond a reasonable doubt that the liquor transported or found in plaintiff in error's possession was denatured alcohol and that it was intoxicating, it would be their duty to convict him.

The court's charge in its entirety is not in the bill of exceptions, and the reference to a mere part of it is not sufficient to enable this court to review the charge upon the instruction complained of.   The instruction complained of is only an extract from the charge.   It must be presumed that the charge, as a whole, correctly stated the law of the case.

Plaintiff in error's remaining assignment is to the effect that the trial judge committed error in instructing the jury that the minimum fine for the offense charged in the indictment, and of which the plaintiff in error was convicted, was $100.

This instruction was predicated upon chapter 130 of the Public Acts of 1921.   The caption of this act is as follows:

"An act to provide that the minimum fine in all cases of conviction for the violation of the laws of the State of Tennessee prohibiting the manufacture, sale, importation, transportation or possession of intoxicating liquors shall not be less than one hundred dollars."

Section 1 of the act reads as follows: "That hereafter in all convictions for the violation of the laws prohibiting the manufacture, sale, importation, transportation or possession of intoxicating liquors in this State, a minimum fine of one hundred dollars ($100) shall be assessed; provided, that nothing in this act shall be so construed as to otherwise affect the punishment for such violations or decrease any fine for the violation of such laws where the same is now in excess of one hundred dollars."

It is insisted for plaintiff in error that this act is unconstitutional and void because in violation of the third clause of section 17 of article 2 of the Constitution, which clause provides that all acts which repeal, revive, or amend former laws shall recite in their caption, or otherwise, the title or substance of the laws repealed, revived, or amended.

It is said that the act of 1921 undertakes to amend the statutes prohibiting the manufacture, transportation, and possession of intoxicating liquors by increasing the penalty for such offenses, but does not recite in its caption, or otherwise, the title or substance of the statutes amended.

The subject of a law may be stated without referring to any particular act. The Constitution does not require that the substance of each particular act, referring to it as a separate piece of legislation, should be recited. The purpose of the provision of the Constitution referred to, as stated in a number of opinions, was to give the members of the legislature notice of what they were called upon to repeal, revise, or amend, and if a citation or reference to a former law is of such certainty as will unerringly point to the subject of the law sought to be amended so that the mind of lawyer and layman alike shall so understand it, this constitutes a sufficient index regardless of mere formality. *Heiskell* v. *City of Knoxville,* 136 Tenn., 376, 189 S. W., 857.

All intendments will be made and all doubts will be resolved in favor of that interpretation which will support the act challenged and avoid conflict with the Constitution. *State* v. *Yardley,* 95 Tenn., 560, 32 S. W., 481, 34 L. R. A., 656; *Heiskell* v. *City of Knoxville,* supra.

The effect of the act in question is to amend the statutes theretofore passed by the legislature prohibiting the manu-

facture, sale, importation, transportation, or possession of intoxicating liquors. The subject of each of these statutes is so fully stated in the amendatory act we cannot see how any member of the legislature could have been misled, or that any uncertainty can exist in its application and enforcement. When the act is read, could any practical mind entertain a doubt as to what laws are referred to and amended? We think not. It refers to chapter 10, Acts of 1909, prohibiting the manufacture for sale of intoxicating liquors in this state; chapter 1, Acts of 1909, prohibiting the sale of intoxicating liquors within four miles of a school house; and chapter 12, Acts of 1917, prohibiting the receipt, possession, and transportation of intoxicating liquors, etc.

The substance of each of these statutes is recited in the amendatory act. Therefore the requirement of the third clause of section 17 of article 2 of the Constitution was met.

The judgment of the court below is affirmed.