SCHOENLAU-STEINER TRUNK TOP & VENEER CO. *v.* W. H.
HILDERBRAND *et al.**

*(Jackson.* April Term, 1925.)

1. **LANDLORD AND TENANT.** Suit for conversion not maintainable
by landlord against one to whom tenant had sold entire crop, where
no division under agreement made by landlord and tenant.

Where no division of a crop under cropper's agreement had been
made by landlord and tenant, landlord cannot sue another to
whom tenant shipped and delivered entire crop for value of his in-
terest in such crop, for conversion thereof, inasmuch as title to
entire crop was in tenant until division was made and landlord's
part set aside for him. (*Post, pp.* 175, 176.)

Acts cited and construed: Acts 1899, ch. 22.

Code cited and construed: Sec. 5302a2 (S.). Constitution cited and
construed: Sec. 17, art. 2.

2. **LANDLORD AND TENANT.** Under statute giving landlord lien, no
distinction whether rent is paid in crops or in money.

Under a statute, giving landlord a lien on crops to secure his rent,
there is no distinction between a rental contract whereby the rent
is paid in part of crops and contract whereby it is to be paid in
money. (*Post, p.* 176.)

Acts cited and construed: Acts 1825, ch. 21; Acts 1879, ch. 72.

Cases cited and approved: Sharp v. Fields, 48 Tenn., 572; Patterson
v. Hawkins, 71 Tenn., 483; Hardeman v. Shumate, 19 Tenn., 398.

Code cited and construed: Sec. 5299 (S.).

3. **STATUTES.** Title of amending act held to sufficiently point out sub-
ject of law sought to be amended in its title in compliance with con-
stitutional provision.

Act 1899, chapter 22, section 1 (Shannon's Ann. Code, section 5302a1),
providing for liability of factor selling tenant's crops on which
landlord has lien, the caption of which was "An act to amend the

Trunk Top & Veneer Co. v. Hilderbrand.

Acts of 1825, chapter 21, section 1, and for other purposes, being chapter 52 of the Acts of 1857-58, so as to provide for the better security of the landlord's lien," did not contravene Constitution, article 2, section 17, as attempting to amend act without reciting in caption title and substance of act sought to be amended, the phrase "for the better security of the landlord's lien" sufficiently pointing to subject of law to be amended. (*Post, pp.* 177-179.)

Acts cited and construed: Acts 1899, ch. 22, sec. 1; Acts 1857-58, ch. 52; Acts 1825, ch. 21, sec. 1;

Cases cited and approved: Heiskell v. Knoxville, 136 Tenn., 376; Luehrman v. Taxing Dist., 70 Tenn., 425; Van Dyke v. Thompson, 136 Tenn., 136; State v. Yardley, 95 Tenn., 560.

Cases cited and distinguished: Greenwood v. Rickman, 145 Tenn., 373; Minter v. State, 145 Tenn., 682; House v. Creveling, 147 Tenn., · 600.

Code cited and distinguished: Sec. 5302a1 (S.).

4. **LANDLORD AND TENANT.  Defendant company, selling cotton on which landlord had lien, liable under statute for landlord's share therein.**

Acts 1899, chapter 22, providing for liability of factor selling crop on which landlord had lien, being constitutional and not in violation of Constitution, article 2, section 17, defendant cotton broker factor was liable thereunder to complainant landlord for having sold crop of tenant as cotton factor on which complainant had landlord's lien, in violation of such statute. (*Post, pp.* 179, 180.)

5. **ELECTION OF REMEDIES. Judgment. Landlord can prosecute to judgment two available statutory remedies against defendant purchasing and selling cotton crop on which he had lien, but receive satisfaction for only one.**

Where complainant landlord had right to sue under Acts 1899, chapter 22, for selling cotton on which he had landlord's lien, or under Shannon's Ann. Code, section 5302a2, for purchasing such cotton, he was not required to elect which suit he would prosecute, **but**

action could be prosecuted on both to judgment, though satisfaction could be had on one only.  (*Post, p.* 180.)

*Headnotes 1. Landlord and Tenant, 36 C. J., Sections 1938, 1963; 2. Landlord and Tenant, 36 C. J., Section 1953; 3. Statutes, 36 Cyc., p. 1066; 4. Factors, 25 C. J., Section 143 (Anno); 5. Election of Remedies, 20 C. J., Section 7; Judgments, 34 C. J., Section 1112.

FROM LAUDERDALE.

Appeal from the Chancery Court of Lauderdale County.—Hon. V. H. Holmes, Chancellor.

Craig, Bullock & Durham, for appellant.

Steele & Steele, for appellee.

Mr. Justice Hall delivered the opinion of the Court.

Complainant is a foreign corporation with its principal office and place of business in the city of St. Louis, State of Missouri, but it has domesticated in this State by complying with the statutes relating to foreign corporations. It owns a farm or plantation in Lauderdale county, Tenn., and, in the year 1922, it leased said farm to defendant W. H. Hilderbrand, and said defendant grew a crop of corn and cotton on the same for said year.

By the terms of said rental contract, defendant Hilderbrand agreed to deliver to complainant one-fourth of all the cotton and cotton seed and one-third of all the corn he raised on said farm during said year as rent, and complainant's one-fourth of said cotton and cotton seed

and one-third of said corn were to be delivered to it by defendant Hilderbrand on the farm during the said year.

On March 21, 1922, defendant Hilderbrand, without the knowledge or consent of complainant, executed and de- livered to Bailey-Ball Pumphrey Company (a Tennessee corporation), with its principal office and place of busi- ness at Memphis, Tenn., a trust deed on all the agricul- tural products that he might grow, cultivate, or cause to be grown on said farm of complainant for the year 1922, and certain other personal property mentioned and de- scribed in said trust deed, to secure a pre-existing in- debtedness of $3,000, evidenced by the promissory note of said Hilderbrand of date December 1, 1922, and due and payable to defendant, Bailey-Ball Pumphrey Com- pany. Said trust deed, among others, contains the fol- lowing provision:

"It is understood and agreed that the cotton crops, conveyed as fast as they are gathered and prepared for market, shall be shipped to the said Bailey-Ball Pum- phrey Co. to be by it sold as commission merchants, and the net proceeds thereof applied by it to any part of the indebtedness hereby secured that it may elect, it having the right to make the application of any payments to it hereunder in such manner as it may choose so to do.

"In case W. H. Hilderbrand should at any time before the maturity of the indebtedness secured attempt to sell any of the property herein conveyed, or do any other act inconsistent with the above transfer of said property hereby made, it shall have the effect at the option of said Bailey-Ball Pumphrey Co. to immediately mature all of the indebtedness hereby secured, and entitle it to at once foreclose this instrument as above authorized."

It appears that upon said cotton and corn so grown on complainant's farm by defendant Hilderbrand for the year 1922 being gathered, Hilderbrand did not deliver to complainant one-fourth of said cotton and cotton seed and one-third of said corn, according to the terms of the contract, but upon the demand of defendant Bailey-Ball Pumphrey Company shipped his entire crop of cotton grown on said farm for said year to said Bailey-Ball Pumphrey Company at Memphis, Tenn., and the same was received by it and sold to various cotton factors in the city of Memphis. This was also done without the consent or knowledge of complainant.

Upon learning that said cotton had been shipped and delivered by Hilderbrand to defendant, Bailey-Ball Pumphrey Company, complainant demanded of the latter its one-fourth of the proceeds of same, which defendant Bailey-Ball Pumphrey Company, refused to pay over to it, claiming that it had the right to apply the whole of the proceeds of said cotton to the satisfaction of the debt which it held against Hilderbrand, and to secure which Hilderbrand had executed to it the trust deed hereinbefore mentioned.

Whereupon, complainant filed its original and amended bills in this cause against said defendants to recover of them the value of one-fourth of said cotton, and to recover of defendant Hilderbrand the value of one-third of the corn grown on said farm for said year.

The bill prayed that an attachment issue and be levied upon the corn and cotton seed; that a receiver be appointed, if necessary, to take charge of and dispose of said corn and cotton seed; and that the proceeds thereof be held subject to the further orders of the court.

The original bill, as amended, sought a recovery of defendant Bailey-Ball Pumphrey Company the value of said cotton, or its proceeds, on the following grounds:

(1)   That it had converted complainant's interest in said cotton to its own use; the bill alleging that defendant Bailey-Ball Pumphrey Company well knew of complainant's rental contract with defendant Hilderbrand, and of its rights in said cotton at the time it received and sold the same.

(2)   That defendant Bailey-Ball Pumphrey Company was liable to complainant for the proceeds of its one-fourth of said cotton as cotton factors under chapter 22 of the Public Acts of 1899.

(3)   That defendant Bailey-Ball Pumphrey Company was liable to complainant for the value of its one-fourth of said cotton as the purchaser thereof under section 5302a2 of Shannon's Annotated Code.

Defendants demurred to the bill as amended. It is, however, only necessary to refer to the demurrer of defendant Bailey-Ball Pumphrey Company, as it alone has appealed from the decree of the chancellor. Defendant Hilderbrand did not appeal.

1.   Defendant Bailey-Ball Pumphrey Company demurred on the ground that the allegations of the bill showed that, under the rental contract between complainant and defendant Hilderbrand, the latter agreed to pay complainant one-fourth of the cotton grown on said land as rent, and that no delivery of any part of the cotton was made to complainant, and that no part of the same was divided between complainant and Hilderbrand, but the entire crop of cotton was shipped by said Hilderbrand to said defendant, and therefore, as a matter of law, de-

fendant could not be guilty of a conversion of complainant's one-fourth interest in said cotton, and was not therefore liable to complainant for the value of said one-fourth interest.

2.   That said defendant was not liable to complainant for its one-fourth interest in said cotton for having sold the same as cotton factors and applying the proceeds thereof to its indebtedness held against defendant Hilderbrand, because chapter 22 of the Acts of 1899 violates the third clause of section 17 of article 2 of the State constitution, and is therefore void.

3.   There the allegations of the bill as amended showed that defendant was not liable to complainant as a purchaser of complainant's one-fourth interest in said cotton under section 5302a2 of Shannon's Annotated Code.

The cause was finally heard by the chancellor upon the bill as amended, and the demurrer of the defendant Bailey-Ball Pumphrey Company, when the first ground of its demurrer was sustained, and the bill, in so far as it sought a recovery of said defendant on the ground of conversion, was dismissed. The other grounds of said defendant's demurrer were overruled, with leave to it to rely on them in its answer and at the hearing.

Thereupon, defendant Bailey-Ball Pumphrey Company filed its answer to the bill as amended, or so much thereof as was not dismissed on demurrer, and relied upon its second and third grounds of demurrer in its answer, averring that it was not liable to complainant for the proceeds of its one-fourth interest in said cotton as purchaser, because it was not the purchaser of said cotton within the sense and meaning of section 5302a2 of Shannon's Annotated Code.

It also averred in its answer that it was not liable to complainant for its interest in said cotton, which was sold by it as a cotton factor and the proceeds applied to its indebtedness held against defendant Hilderbrand under chapter 22 of the Acts of 1899 (section 5202a2 of Shannon's Annotated Code), because said act contravenes section 17 of article 2 of the State constitution.

After proof had been taken by complainant, no proof being taken by defendants, the cause came on to be heard by the chancellor, when defendant Bailey-Ball Pumphrey Company filed in the cause a written motion, supported by a certified copy of the original bill filed by complainant in the chancery court of Shelby county, Tenn., against Newberger & Co., and other cotton factors of Memphis, Tenn., to recover the value of complainant's one-fourth interest in said cotton on the ground that Newberger & Co., and the other cotton factors, mentioned as defendants in said suit, had purchased said cotton from defendant Hilderbrand, and were liable to complainant for the same under section 5302a2 of Shannon's Annotated Code, asking that complainant be required to elect which remedy it would pursue, that is, whether it would continue to prosecute its suit against said defendant, or would prosecute the suit filed in the chancery court of Shelby county.

This motion was overruled by the chancellor, to which action defendant excepted. The cause was then heard by the chancellor upon the pleadings and proof, and the chancellor decreed as follows:

1. That defendant Bailey-Ball Pumphrey Company was not liable to complainant for a conversion of complainant's one-fourth interest in said cotton.

2.   That said defendant was not liable to complainant for the value of its one-fourth interest in said cotton under chapter 22 of the Acts of 1899 (section 5302a2 of Shannon's Annotated Code), because said act contravened the third clause of section 17 of article 2 of the State constitution.

3.   But that said defendant was liable to complainant for the value of its one-fourth interest in said cotton as purchaser under section 5302a2 of Shannon's Annotated Code, because said defendant held a trust deed thereon, and the same had been shipped to it by defendant Hilderbrand and sold by defendant Bailey-Ball Pumphrey Company under the terms of said trust deed, and by so doing defendant Bailey-Ball Pumphrey Company became liable to complainant as a purchaser of said cotton.

4.   The chancellor decreed that the net value of complainant's one-fourth interest in said cotton so received and sold by defendant Bailey-Ball Pumphrey Company was the sum of $991.38, and rendered a decree against said defendant for said amount.   The attachment on the corn was sustained, and a decree rendered against defendant Hilderbrand for $1,414.71, which the chancellor decreed to be the value of one-fourth of the cotton and one-third of the corn.

From this decree both complainant and defendant Bailey-Ball Pumphrey Company appealed.   Complainant appealed from so much of the decree as refused to allow it a recovery against defendant Bailey-Ball Pumphrey Company as a cotton factor selling said cotton and applying the proceeds thereof to the satisfaction of its indebtedness against defendant Hilderbrand.   Defendant Bailey-Ball Pumphrey Company appealed from so much

of said decree as adjudged it liable to complainant for its one-fourth interest in said cotton upon the ground that it was a purchaser of the same. And appropriate errors have been filed by complainant and defendant Bailey-Ball Pumphrey Company respectively, challenging the deciee of the chancellor, in so far as it was adverse to them.

We will consider the assignments of error urged by complainant first. The first assignment of error urged by complainant is that the chancellor erred in sustaining the first ground of the demurrer of defendant Bailey-Ball Pumphrey Company and holding that it was not liable to complainant for the conversion of its one-fourth interest in said cotton.

We are of the opinion that this assignment of error is not well taken. The evidence shows that, at the time defendant Hilderbrand shipped and delivered said cotton to defendant Bailey-Ball Pumphrey Company, there had been no division of same between him and complainant, and the title to the whole of the cotton was in defendant Hilderbrand, and complainant had no claim *in rem* to the same until a division thereof had been made between it and said Hilderbrand, and therefore complainant could not recover of defendant Bailey-Ball Pumphrey Company the value of its undivided one-fourth interest in said cotton.

In 16 Ruling Case Law, page 912, section 419, it is said: "The fact that the rent is payable in property instead of money does not, until the property has been turned over to the landlord, confer any title thereto upon him. Thus in case of a lease of farming lands where the rent is a certain amount of the crops, no title to the crops vests in the landlord until they are set apart to him."

In 8 Ruling Case Law, page 376, section 23, it is said that where the relation is that of landlord and tenant the exclusive title of the crop remains in the tenant until he makes a division thereof, which must be made, in the absence of stipulation, when the crop is harvested, or within a reasonable time thereafter.

By the statute, the landlord is given a lien on the crop to secure his rent, and there is no distinction under the statute between a rental contract whereby the rent is paid in part of the crops and a contract whereby it is to be paid in money.

It was held by this court in *Sharp* v. *Fields,* 1 Heisk., 572, that if the tenant failed to deliver the part of the crop agreed to be delivered to the landlord as rent, according to contract, then on such failure the landlord is entitled to recover the value of that part of the crop, and this is treated as rent and as due otherwise than by note or account under the language of the statute.

To the same effect is the rule announced in *Patterson* v. *Hawkins,* 3 Lea, 483.

In *Hardeman* v. *Shumate,* Meigs, 398, the very question now before the court was passed upon and determined. In that case it was held that landlords, by virtue of the lien given on the crop growing on the rented premises by chapter 21 of the Acts of 1825 (section 5299 of Shannon's Annotated Code), have no property in, or right to, the crop, and can maintain no action grounded on any taking or detaining thereof. This suit was before the passage of chapter 72 of the Acts of 1879, giving the landlord the right to sue a purchaser of the crop.

Complainant's first assignment of error therefore must be overruled.

It is next urged by complainant, through its second assignment of error, that the chancellor erred in not holding defendant Bailey-Ball Pumphrey Company liable for its one-fourth interest in said cotton, because it received and sold the same as a factor, broker, or commission merchant, and applied the proceeds thereof to the payment of the indebtedness held against complainant's tenant Hilderbrand.

By chapter 22, section 1, of the Acts of 1899 (section 5302a1 of Shannon's Annotated Code), it is provided as follows: "Any factor, broker, commission merchant, or other person who sells the crop of a tenant, or any portion of it, with or without notice of such lien, and applies the proceeds to the payment of the tenant's indebtedness to himself, shall be liable as a purchaser to the person entitled to the rent."

The chancellor was of the opinion that this act contravenes section 17 of article 2 of our Constitution, because it attempts to amend chapter 52 of the Acts of 1857-58 without reciting the title or substance of the act sought to be amended in its caption. The caption of the act in question is as follows: "An act to amend the Acts of 1825, chapter 21, section 1, and for other purposes, being chapter 52 of the Acts of 1857-58, so as to provide for the better security of the landlord's lien."

The first section of said act reads as follows: "Be it enacted by the general assembly of the State of Tennessee that chapter 52 of the Acts of the Thirty-Second general assembly of the State of Tennessee for 1857-58, be, and the same is, so amended as to provide that any factor, broker, commission merchant, or other person who sells the crop of a tenant, or any portion of it, with or without

152 Tenn.—12.

notice of such lien, and applies the proceeds to the payment of the tenant's indebtedness to himself, shall be liable as a purchaser to the person entitled to the rent.''

The second section provides: ''Be it further enacted that any person entitled to rent may recover from the purchaser of the crop, or any part of it, the value of the property, so that it does not exceed the amount of the rent and damages.''

Section 3 reads: ''Be it further enacted that this act take effect from and after its passage, the public welfare requiring it.''

In *Greenwood* v. *Rickman,* 145 Tenn., 373, 235 S. W., 425, it is said: ''This court has established a liberal interpretation in upholding amendatory acts where the caption and the body of the act, taken as a whole, and from a practical standpoint, indicates the subject of the legis- lation sought to be effected''—citing *Heiskell* v. *Knox- ville,* 136 Tenn., 376, 189 S. W., 857; *Luehrman* v. *Taxing District,* 2 Lea, 425.

In *Van Dyke* v. *Thompson,* 136 Tenn., 136, 189 S. W., 62 it is said that, where the title to the act plainly and unmistakably expresses the subject and a purpose of the legislation proposed by the act, it is not necessary that the details of the act, the purpose of which is to repeal, revive, or amend former laws, shall be set out in the body of the act, so that the legislative intent may be gathered from the words used.

In *Minter* v. *State,* 145 Tenn., 682, 238 S. W., 90, this court said: ''The purpose of the provision of the Constitution referred to, as stated as a number of opinions, was to give the members of the legislature notice of what they were called upon to repeal, revise, or amend, and if

a citation or reference to a former law is of such certainty as will unerringly point to the subject of the law sought to be amended so that the mind of lawyer and layman alike shall so understand it, this constitutes a sufficient index regardless of mere formality."

In that case the court further said: "All intendments will be made and all doubts will be resolved in favor of that interpretation which will support the act challenged and avoid conflict with the constitution"—citing *State* v. *Yardley,* 95 Tenn., 560, 32 S. W., 481, 34 L. R. A., 656; *Heiskell* v. *Knoxville,* supra.

In *House* v. *Creveling,* 147 Tenn., 600, 250 S. W., 360, the court said: "Where an act proposes to repeal or amend several laws relating to one subject, it is not necessary for it to recite the title or substance of each previous law separately. One descriptive word or phrase may be employed if it conveys the purport of all the earlier statutes. Thus two acts establishing and defining the powers of the municipal corporation of the city of Knoxville were sufficiently identified by mention of them as the 'charter of said city' in a later amendatory statute."

We think the phrase "for the better security of the landlord's lien" unerringly points to the subject of the law sought to be amended, which was the security of the landlord's lien. The title of the act therefore sufficiently complies with the third clause of section 17 of article 2 of our Constitution, and the chancellor erred in taking a contrary view.

This conclusion renders a determination of the assignment of error urged by defendant Bailey-Ball Pumphrey Company, to the effect that the chancellor erred in holding it liable as a purchaser of said cotton under section

5302a2 of Shannon's Annotated Code unnecessary, because said defendant is liable to complainant for its interest in said cotton under chapter 22, Acts of 1899, having sold the same as a cotton factor in violation of said act. It not only does not controvert the fact that it sold said cotton as a cotton factor, but expressly admits in its answer that it did so.

We are of the opinion that there was no error in the action of the chancellor overruling defendant Bailey-Ball Pumphrey Company's motion to require complainant to elect which suit it would prosecute—the present action or the suit instituted by it in the chancery court of Shelby county to recover from the purchasers of said cotton. Complainant had the right to proceed against defendant Bailey-Ball Pumphrey Cmpany who sold the cotton as a cotton factor in violation of chapter 22 of the Acts of 1899, and also had the right to proceed against the purchasers of said cotton under section 5302a2 of Shannon's Annotated Code. It could pursue either or both of said actions to judgment, although but one satisfaction could be had. 9 Ruling Case Law, page 958, section 4,

For the reasons indicated, the decree of the chancellor will be affirmed.