## PORTERFIELD v. STATE.

### (*Nashville.* February 23, 1893.)

1. FEES. *Policeman entitled to fifty dollars for arrest and conviction for carrying bowie-knife.*

A policeman, having authority under a city charter to make arrests for offenses against the State laws, is entitled, upon rendering the required service, to the fee of fifty dollars, allowed by statute, to "any civil officer who shall arrest and prosecute to conviction and punishment any person guilty of any of the offenses" enumerated in the Act for the suppression of the sale and use of bowie-knives.

Code construed: §§ 5522–5526 (M. & V.); §§ 4746–4750 (T. & S.).

2. SAME. *Same. Salaried policeman entitled to this fee.*

And the policeman is entitled to this fee, although he may, at the date of rendering the required service, be employed by the city upon a salary.

3. SAME. *Same. What amounts to an arrest and prosecution.*

And the policeman has rendered the service for which said fee is allowed when he arrests a person upon the charge of carrying a bowie-knife, has him bound over to court, where, upon evidence furnished by the officer, he was indicted and afterwards plead guilty, without trial, and was sentenced to fine and imprisonment.

---

FROM DAVIDSON.

---

Appeal in error from Criminal Court of Davidson County. JOHN D. BRIEN, Sp. J.

LYTTON TAYLOR for Porterfield.

Attorney-general PICKLE and E. J. WICKWARE for State.

CALDWELL, J. Only a question of costs is to be decided in this case.

It satisfactorily appears, from the imperfect record before us, that T. T. Russell and C. V. Gohn, members of the police force of Nashville, arrested Sam Porterfield and carried him before the City Recorder on the charge of carrying a bowie-knife; that the Recorder bound him over to the Criminal Court of Davidson County; that in said Court he was indicted for said offense on the evidence of said Russell and Gohn; and that, thereafter, when arraigned for trial, they being ready to testify against him, he pleaded guilty to the indictment, and was adjudged to suffer imprisonment in the county work-house for a period of three months, and to pay a fine of $200, and all costs.

After the judgment was rendered, Russell and Gohn moved the Court to direct that $50 be taxed in the bill of costs, in their favor, jointly, for having arrested and prosecuted the defendant.

The motion was overruled, and they appealed in error.

In January, 1838, was passed "An Act to suppress the sale and use of bowie-knives and Arkansas tooth-picks in this State." The Act contained five sections. The first one prescribed a penalty for selling or giving away, the second for wearing,

the third for drawing, and the fourth for using a bowie-knife, Arkansas tooth-pick, or other like weapons. The fifth section provided, among other things, that " any civil officer who shall arrest and prosecute to conviction and punishment any person guilty of any of the offenses enumerated in this Act, shall be entitled to the sum of fifty dollars, to be taxed in the bill of costs." Acts 1837–38; Ch. 137; Nicholson's Statutes, pages 129, 130; Code, §§ 4746, 4747, 4748, 4749, and 4750.

Porterfield was arrested, indicted, and convicted for a violation of the second section of that Act, being § 4747 of the Code; and Russell and Gohn claim the fifty dollars under the fifth section— Code, § 4750.

We think the claim is well made, and that the motion should have been allowed, and the taxation directed by the Criminal Judge.

Russell and Gohn were " civil officers" within the meaning of the statute. They were policemen, appointed and charged, under and by the charter of the city, to " preserve the public peace, prevent crime, detect and arrest offenders," and to " enforce every law relating to the suppression and punishment of crime." Acts of 1883, Ch. 114, Sec. 51.

They were civil officers in a very important sense. Though not primarily officers of the State, they were so secondarily, being officers of a municipality, which was itself an arm of the State government.

Being civil officers, the services rendered by Russell and Gohn entitled them to the $50, notwithstanding the fact that Porterfield pleaded guilty and judgment was pronounced against him without the usual formalities of a trial. They arrested him, in the first instance, for the specific offense charged; they furnished the evidence by their own testimony, upon which he was indicted, and by standing ready to testify against him upon the trial no doubt induced him to plead guilty. That makes a case of " arresting and prosecuting to conviction." There was no less a *prosecution* and a *conviction* because a plea of guilty was entered. The offender was as effectively prosecuted and convicted as if the State had established her case by the fullest proof.

The fact that these policemen were " salaried officers " ·of the city, is no bar to their demand in this case.. They were *civil officers*, and performed the ` *requisite service*. That gave them a right to have the $50 taxed in the bill of costs. The statute makes no exception as against officers who may be provided with a stated salary, and the Courts can make none. If the requisite service has been rendered by a civil officer, the taxation in his favor follows as a matter of law.

Reverse and remand for judgment in accordance with this opinion.