GALLOWAY et al. *v.* CITY OF MEMPHIS.

*(Jackson.* April Term, 1906.)

1. **AMENDATORY ACT.** Becomes part of original act. **To amend, sufficient to recite title or substance of original act.**

An amendment becomes a part of the original act, and where amendments to a statute are sought to be amended, it is not necessary to refer to them, but it is sufficient to recite in the proposed amendatory act the title or substance of the original act, of which said amendments have become part.

Case cited and approved: Goodbar v. Memphis, 113 Tenn., 23.

2. **SAME.** Title need not recite character of amendment, if germane to original act.

The title of an amendatory statute need not indicate the particular character of the amendment proposed, provided the purview of the statute is germane to, and embraced within, the title of the original act, and that title is recited.

Cases cited and approved: Hyman v. State, 87 Tenn., 109; State v. Algood, 87 Tenn., 163; State ex rel. Butler v. Patterson et al., MS., Nashville, December term, 1903.

3. **SAME.** Same. Same. Case in judgment.

A provision for a uniform rate of taxation on real and personal property is germane to, and embraced within, the title of an act to establish taxing districts, and to provide the means for local self-government for the same.

Acts cited and construed: 1905, ch. 345; 1879, ch. 11.

4. **STATUTES.** Act extending limits of city, and exempting annexed territory from prior debts, not a contract.

An act of the legislature extending the corporate limits of a city, and providing that the annexed territory shall not be liable for any of the debts of the city outstanding at the time

Galloway v. Memphis.

of such annexation, does not create a contract whose obligation cannot be impaired by subsequent legislation, but merely grants privileges which may be revoked at any time by the general assembly.

Acts cited and construed: 1899, ch. 134; 1869-70, ch. 26 (Private Acts); 1867-8, ch. 36 (Private Acts).

Cases cited and approved: McCallie v. Chattanooga, 3 Head, 317; Memphis v. Memphis Water Co., 5 Heisk., 527; McKinney v. Hotel Co., 12 Heisk., 119; Carriger v. Morristown, 1 Lea, 118; Luehrman v. Taxing District, 2 Lea, 433.

5. **SAME.** In construing, doubts will be resolved against exemptions claimed under.

The rule is that in construing statutes under which exemptions from taxation are claimed, all doubts must be resolved in favor of the State and against the exemption.

6. **SAME.** Not presumed that legislature intended to pass a nugatory act.

It will not be presumed that the legislature intended to pass an act that could have no force; and such construction will not be adopted, when the act is susceptible of one which renders it operative.

7. **SAME.** "Boyle Act" valid and operative. Case in judgment.

By acts of the general assembly, in 1869 and 1899, respectively, certain territory was annexed to the city of Memphis, and in each case it was provided that the annexed territory should not be liable for the existing debts of the city, whereby there were three different tax rates in the city at the time of the passage of ch. 345, Acts 1905, known as the "Boyle Act," which provided that there should be a uniform tax rate upon all property within the limits of the city without discrimination on account of the location or character of such property, but that property exempt from taxation under existing laws should not be affected.

Held, 1. The "Boyle Act" (1905, ch. 345) is constitutional;

116 Tenn.—47

2.  The legislature had power, and the act was effective, to destroy the partial exemptions theretofore existing in the annexed territory;

3.  It was the object of the act to make taxation uniform throughout the city; and that, under a proper construction, its effect is to remove and destroy the exemptions provided by said acts of 1869 and 1899, and to make the property of the localities theretofore partially exempt subject to the same rate of taxation as like property in all other localities in the city.

Act cited and construed: 1905, ch. 345.

---

FROM SHELBY.

---

Appeal from the Chancery Court of Shelby County.— WALTER MALONE, Special Chancellor.

METCALF, MINOR & METCALF, for Galloway et al.

THOMAS H. JACKSON and JAMES L. McREE, for Memphis.

---

MR. JUSTICE WILKES delivered the opinion of the Court.

This cause was heard in the chancery court of Shelby county by Hon. Walter Malone, judge of the circuit court, sitting by interchange with the chancellor, who was disqualified, because of interest, upon an agreed state of facts, under the provisions of the Code (Shan-

non's Code, sec. 5206). The agreement of facts is, substantially, as follows:

That the city of Memphis has been incorporated as a municipality since 1826; that until 1869 it consisted of eight wards, when, by an act of the legislature of that year, wards 9, 10, and 11 were annexed "upon condition as expressed in the act, that property therein embraced shall not be liable for the old debts of the city of Memphis."

That thereafter the suburbs adjacent to the city, having increased largely in population, the question was extensively mooted and discussed between the inhabitants of the city, and suburban territory as to whether or not the adjacent territory, in which was embraced the incorporated towns of Madison Heights and Idlewild, should be annexed, and whether the annexed territory should be made liable for the payment of the debts of the old city of Memphis then outstanding, with the result that three acts of the legislature were passed and approved, each on the same day, at its session of 1899, one being an act annexing said territory, and the other two being acts repealing the charters respectively of Madison Heights and Idlewild.

That thereafter the legislature, at its session of 1905, passed an act known in the pleadings as the "Boyle Act," same being chapter 345, (Acts 1905, p. 740).

That thereafter the city of Memphis, on the 16th day of February, 1906, adopted an ordinance fixing a general tax levy for the year 1906, at $1.78 on the $100 upon

every species of taxable property within the limits of the city of Memphis, and in which levy was embraced a tax for the payment of interest, and a sinking fund upon the old indebtedness of the city of Memphis.

That at the time of the annexation of the ninth, tenth, and eleventh wards, and of said annexed territory under the act of 1899, the city of Memphis had outstanding a heavy bonded indebtedness, the amount thereof at the time of the last annexation act being approximately $3,000,000, and largely exceeding that amount at the time of the annexation of the ninth, tenth, and eleventh wards; that of this bonded indebtedness $474,000 will mature in 1907, $900,000 in 1915, and the balance in 1926.

That the complainants, Robert Galloway and W. A. Bickford, respectively, are the owners of real estate in the annexed territory of 1899, and of 1869, and that the city of Memphis, the defendant, claims and insists that they must each pay into the treasury of the city interest and sinking fund taxes so levied for 1906, the former the sum of $150 on the lands owned by him; the latter must pay $50 upon the lands owned by him in the annexed territory of 1899, formerly Madison Heights, and $100 upon the lands owned by him in the ninth, tenth, and eleventh wards, and that the city claims and insists that it has a lien upon their said lands for the payment of said taxes and is now threatening to proceed against them respectively by process of law for the collection of the same, as provided for the collection

of taxes, and that the city will proceed to do so unless restrained by injunctive process or otherwise.

The agreed facts are, further, that the taxbooks of the city of Memphis for 1906, have been made up and extensions carried out, so that the interest and sinking fund tax aforesaid may be readily eliminated from the total tax of $1.78 without the impairment of or confusion in the levy and collection of the remainder of the taxes for the year 1906.

The agreement further stipulates that in order to save expenses, instead of the two complainants instituting separate suits, the same might be done in one cause, and that all questions of misjoinder and multifariousness are waived to the end that the constitutionality of the Boyle act and its construction and the validity of said ordinance and levy may be had in one cause without multiplicity of suits.

The complainants' contentions are:

(1) The Boyle act did not authorize or require that there should be levied a tax upon lands or property within the said annexed territory to pay the principal or interest upon the pre-existing indebtedness of the old city, and it did not authorize the passage of the ordinance to levy a tax upon their respective lands therefor.

(2) That section 2, c. 134, p. 221, of the Acts of 1899 (the annexation act of 1899) and the exemption in the act of 1869 are still in force.

(3) That the Boyle act is unconstitutional and void.

(4) That if the Boyle act shall be construed as repealing by implication or otherwise section 2, c. 134, p.

221, of the Acts of 1899, or the clause of the act of 1869, exempting the ninth, tenth, and eleventh wards from taxation for the payment of the old indebtedness of the city, then the Boyle act is unconstitutional and void in toto, or void to the extent that it repeals by implication or otherwise said section 2 of the act of 1899, and the exemption clause in the act of 1869.

(5) That by reason of the facts herein stated and the legislation in respect thereto whereunder said territories were annexed, an equitable estoppel has arisen against the imposition or levy of said tax upon complainants' property in the said annexed territory for the payment of said indebtedness.

(6) That an injunction be granted enjoining and restraining the collection of the same, and that said tax levy be canceled and for naught held in so far as it undertakes to make the property of the complainants liable for any part of the said indebtedness.

The court below dismissed complainants bill, and held that complainants were liable to pay the tax so levied. From the decree of the court complainants have prayed an appeal.

Complainants' assignments of error are as follows:

"The court below erred in refusing to maintain either one or all of the contentions insisted upon by complainants, and in holding the Boyle act constitutional, and the levy valid, and in refusing the injunction prayed for and relief sought, and in dismissing complainants' bill."

The act of 1869 provides, as stated in the agreement of facts, that the ninth, tenth, and eleventh wards were annexed "upon condition as expressed in the act of the legislature that property within those wards was not to be liable for the old debt of the city of Memphis."

The annexation act of 1899, whereunder the towns of Madison Heights and Idlewild and adjacent territory were annexed, is as follows:

"CHAPTER 134—HOUSE BILL No. 118.

"An act to extend and change the corporate limits of the city of Memphis, Shelby county, Tennessee, and to provide that the annexed territory shall not pay or be liable for any part of the principal or interest of the indebtedness of said city outstanding at the time of said annexation.

"Section 1. Be it enacted by the general assembly of the State of Tennessee, that the corporate limits of the city of Memphis, Shelby county, Tennessee, be extended and changed so as to embrace all of the people and territory within the following lines:

"[Here follows description of boundaries of annexed territory.]

"Sec. 2. Be it further enacted, that the territory hereby annexed to the city of Memphis shall not pay or be liable for, any part of the principal or interest of the indebtedness of said city outstanding at the time of this annexation.

"Sec. 3. Be it further enacted, that if it be held in-

valid to relieve said annexed territory from liability
for the present debt of the city of Memphis, as provided
in the second section of this act, this shall in nowise
affect the validity of the annexation enacted in the first
section of this act, and the annexation enacted in said
first section shall be construed as valid, irrespective of
any conditions or provisions contained in this act, or
any other legislation.

"Sec.   4.   Be it further enacted, that this act shall
take effect from and after its passage, the public wel-
fare requiring it.

"Passed January 18, 1899."

The Boyle act in question is as follows:

"A bill to be entitled 'An act to amend an act entitled
     "An act to establish taxing districts in this State
     and to provide the means of local self-government
     for the same," the same being chapter 11 of the Acts
     of 1879, and all acts amendatory thereof, consti-
     tuting the charter of the city of Memphis,' so as to
     provide a uniform rate of city taxation on real and
     personal property.

"Section 1.   Be it enacted by the general assembly
of the State of Tennessee, that chapter 11 of the Acts of
1879, and all acts amendatory thereof, be and the same
are hereby amended so that only one city tax rate on
real and personal property shall be levied, and this one
tax rate shall apply equally and uniformly to all real
and personal property within the limits of such city,
without discrimination on account of location or char-

acter of such property.   But property exempt from taxation under existing laws shall not be affected by this act.   All acts and parts of of acts in conflict herewith are hereby repealed.

"Sec. 2.   Be it further enacted, that this act shall be in force and effect from and after its passage, the public welfare requiring it.

"Passed April 13, 1905."

The city ordinance making the impeached levy is as follows:

"An ordinance fixing the general tax levy for the year 1906.

"Section 1.   Be it ordained by the legislative council of the city of Memphis, that a tax of $1.78 is hereby levied on each $100.00 for the current year, 1906, on each and every species of taxable property within the limits of the city of Memphis, and subject to the taxing power of the city, including realty, personalty, merchants' capital, capital invested, corporate stock and capital stock of corporations.

"The tax levy shall be due and payable to the county trustee of Shelby county, for use of the city of Memphis on and after the final passage of this ordinance, and shall be delinquent on the first day of May, 1906, and shall then be subject to the payment of interest, penalties, and costs, as heretofore provided by law.

"Passed final reading this, the 16th day of February 1906."

The first question we proceed to consider is whether what is styled the "Boyle Act" is constitutional.

It is insisted that it is not, but that it violates that provision of the constitution which directs that all acts which repeal, revive, or amend former acts shall recite, in their caption or otherwise, the title or substance of the act repealed, revived, or amended.

The contention is that the act by its title and in its body purports to amend chapter 11, p. 15, of the Acts of 1879, and all acts amendatory thereto, but that it does not, in its title or body, recite, refer to, or repeal the act of 1869, but leaves it in force, which act provides for the annexation of the ninth, tenth, and eleventh wards, upon the condition expressed that they should not be liable to pay any part of the then existing indebtedness of the city of Memphis.

The caption, or title, of the Boyle act is as follows: "A bill to be entitled 'An act to amend an act entitled "An act to establish taxing districts in this State and to provide the means of local self-government for the same," the same being chapter 11 of the Acts of 1879, and all the acts amendatory thereof, constituting the charter of the city of Memphis,' so as to provide a uniform rate of city taxation on real and personal property."

In the case of *Goodbar* v. *Memphis*, 113 Tenn., 23, 81 S. W., 1061, the constitutionality of Acts 1903, p. 1097, c. 366, was drawn in question.

The caption of that act was:

"An act to be entitled 'An act to amend an act to establish taxing districts in this State and to provide

the means of local government for the same,' being chapter 11 of the Acts of 1879," etc.

It then proceeds to set out specifically the amendments proposed, and also the amendments to chapter 11 of the Acts of 1879, which it proposes to alter, amend, repeal, or revise.

The present act in question briefly states, after referring to and setting out chapter 11, p. 15, of the Acts of 1879, "all acts amendatory thereof constituting the charter of the city of Memphis, so as to provide a uniform rate of city taxation on real and personal property." In other words, instead of setting out specifically acts to be affected, it refers to the act of 1879 and all acts amendatory thereof, which constitute the charter of the city of Memphis.

It was held in the *Goodbar Case,* supra, in substance, that it is not necessary to set out the amendments or their substance; "that an amendment becomes a part of the original act, whether it be a change of a word, a figure, line, or entire section, or a recasting of the whole language . . . of all that was sought to be amended, provided the subject-matter of the amendment were germane to the original act." Black on Interpretation of Laws, sec. 131.

This court, in the case of *Hyman* v. *State,* 87 Tenn., 109, 9 S. W., 372, 1 L. R. A., 497, and *State* v. *Algood,* 87 Tenn., 163, 10 S. W., 310, lays down the rule that the caption of the amendatory statute need not indicate the particular character of the proposed amendment,

provided the purview of the statute is germane to, and embraced within, the title of the original act, and that title is recited.

This court held in the case of *State, ex rel. Butler,* v. *Patterson et al.,* MS., opinion delivered by Mr. Justice Neil, December term, 1903, at Nashville, that a caption was good which was in these words, "An act to amend the charter of the town of Pulaski, and to establish a recorder's court;" and this was so, although it appeared that the charter of the town of Pulaski was made up of twenty different acts combined together.

Numerous other cases might be cited holding the same doctrine, the only difference being in the words used in the caption.

The provision for a uniform rate of taxation on real and personal property is germane to, and embraced within, the title of an act to establish taxing districts, and to provide the means for local self-government for the same.

It cannot be maintained that the effect of the Boyle act is to impair the obligation of any contract between the city of Memphis and these wards and annexed suburbs; because the Acts of 1869 and 1899 created no contract which could not be impaired, but merely granted privileges which could be revoked at any time by the general assembly, and which it is contended were revoked in any event, by the Boyle act, if it be construed as referring to exemptions created by the act.

*McCallie* v. *Chattanooga.* 3 Head, 317; *Memphis* v. *Memphis Water Co.,* 5 Heisk., 527; *McKinney* v. *Hotel Co.,* 12 Heisk., 119; *Carriger* v. *Morristown,* 1 Lea, 118; *Luehrman* v. *Taxing District,* 2 Lea, 433.

Numerous other cases might be cited; but it is unnecessary, as the correctness of the principle is conceded by able counsel for the complainants.

It is said, however, that it was not the intention of the legislature to revoke these privileges or exemptions; and that such is not the proper construction of the terms of the Boyle act.

The insistence of complainants is that the clause of the act which is as follows, "but property exempt from taxation under existing laws shall not be affected by this act," has the effect to keep alive the exemptions under the Acts of 1869 and 1899.

Prior to the passage of the "Boyle Bill," there were three tax rates in the city of Memphis. One rate applied to the territory annexed in 1899; one to the ninth, tenth, and eleventh wards, annexed in 1867; and one applied to the original eight wards. The third rate, applying to the original eight wards, was the largest; the second rate, applying to the ninth, tenth, and eleventh wards, was, by reason of an exemption claimed under the act of 1869, less; and the first rate, applying to the property annexed in 1899, was, by reason of exemptions claimed under the act, the smallest rate in the city.

So long as these exemptions exist it was impossible

to provide a uniform rate of city taxation on real and personal property, which was the object of the "Boyle Bill."

The rule is that, in construing acts giving exemptions, all doubts must be resolved in favor of the State and against the exemptions, and the court should give to the act a reasonable construction to make it effective, if it can be done.

In the first place, it is worthy of note that the Boyle act refers to and applies to property exempt from taxation under existing laws, and provides only that such property as is exempt should so continue. It does not specifically refer to property which is partially exempt, or upon which there is only a partial burden of taxation.

There are classes of property exactly described by the terms "property exempt from taxation," such as, public property, educational property, property devoted to religious purposes, etc.; and it is insisted that it is to this class of property that the act refers, and provides to keep exempt, and not to any other property, and, in fact, that it was the purpose and intention of the act to remove the exemption previously existing under the acts referred to.

The evident purpose of the Boyle bill, or act, is to provide a uniform rate of city taxation on real and personal property; and we must look to the status of matters when the act was passed to ascertain what inequalities and want of uniformity existed which it was evi-

Galloway v. Memphis.

dently the purpose of the act to remove; and when we do so, we find these exemptions existing.

If these exemptions are not to be affected and removed, the rate of taxation could not be uniform throughout the city.

It is impossible to give any force and effect to the action rendering taxes uniform, if the exemptions claimed are continued.

It may be that this proviso in the act was unnecessary, as the property we have referred to is exempt under the constitution and general laws; and it was not necessary to further provide for a status already existing; but, on the other hand, if we hold that the property claimed to be exempt by complainants continued exempt after the passage of the Boyle act, then the act itself was wholly nugatory.

We cannot presume that the legislature intended to pass an act that could have no force; nor could we give it such a construction, when it is susceptible of one which renders it operative.

It is said that the construction asked by the city would tend to convict the legislature of an injustice to the territory which was taken into the city under an assurance of exemption; and that while the legislature would have the power to do such injustice, it will not be presumed to have so intended; nor will a construction be adopted that is based upon such a theory.

But we remark that we cannot pass upon this feature of the case; and assume that the act will work any injustice to the hitherto exempt territory. That was a matter which addressed itself to the legislature, which is presumed to have before it always the welfare of the citizen in the enactment of laws, and to deal justly with all, and to have before it facts and considerations which cannot be placed before this court, and which this court cannot consider.

We are of opinion, therefore, that:

First. The act is constitutional.

Second. That it is not invalid, because of a want of power to destroy the exemption therefore existing.

Third. That it was the object of the act to make taxation uniform throughout the city; and that the proper construction is to remove and destroy the exemptions claimed by complainants, and to put the property of the localities, heretofore partially exempt, subject to the same rate of taxation as like property in all other localities in the city.

There is, therefore, no error in the decree of the special chancellor; and it is affirmed with costs.