STATE *ex rel.* HARVEY *v.* CITY OF KNOXVILLE *et al.*

(*Knoxville,* September Term, 1933.)

Opinion filed Nov. 18, 1933.

J. C. THOMASON, for plaintiff in error.

D. J. KELLY, for City of Knoxville.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

This is a proceeding for the writ of *mandamus,* to compel the reinstatement of the relator, R. J. Harvey, as a policeman of the city of Knoxville, and to require the payment to him of the salary of the office during the time he was not permitted to serve. The petition was dismissed in the circuit court, and the relator has appealed in error.

By the city's charter, Private Acts 1923, chapter 412, policemen are placed under civil service regulations, and may not be discharged except for cause and after trial on charges preferred.

On September 3, 1929, the relator was a policeman in good standing. On that day, in a private altercation, he

shot and killed one Woodruff. A formal charge was preferred against him on the following day, and he was thereafter not permitted to serve the city as policeman. Whether a formal order of suspension was made does not clearly appear.

The relator was indicted for the homicide, and was convicted of murder in the second degree. The Governor commuted his punishment to that prescribed by law for voluntary manslaughter, and relator was released from the penitentiary in September, 1931, after serving a term of about eighteen months.

■ We hold that the judgment of conviction for murder automatically terminated the tenure of office of the relator, under the provisions of the Code, section 11763 (Shannon's Code, section 7200), disqualifying all persons so convicted and sentenced "from holding any office under this State."

■ A municipal policeman is an officer under the State, within the sense of that provision of the statute. *Porterfield* v. *State*, 92 Tenn., 289, 21 S. W., 519; *Cornett* v. *City of Chattanooga*, 165 Tenn., 563, 56 S. W. (2d), 742.

■ We are also of opinion that the physical incapacity of the relator to serve the city as policeman, resulting from his confinement in the penitentiary, operated to terminate his tenure of office. The civil service regulations of the city charter contemplate a period of continuous service (see section 76 of the charter), and that service having been terminated without fault on the part of the city, we do not think the charter imposed any duty on the city to reinstate the relator after his discharge from the penitentiary, even if the judgment of conviction had not rendered him personally disqualified to continue in the office.

■ The disqualification resulting from the judgment of conviction, under Code, section 11763, was removed by the circuit court of Knox county, in April, 1932, in a proceeding authorized by Code, sections 7183, 7184. We construe these sections of the Code as giving to the judgment of restoration only prospective effect. That is, the rights of citizenship are restored from and after the judgment, and not retroactively. This intention is clearly indicated by the direction of section 7183 that the restoration of citizenship shall not be granted until the lapse of prescribed periods of time from the date of conviction.

There was no trial, by the civil service board of the city, of the charges preferred against the relator following the homicide. The director of the department of public safety testified that he told the relator that such a trial might prejudice his trial in the criminal court on the indictment charging him with murder, and that he thought Harvey acquiesced in that suggestion. The trial judge held that Harvey had acquiesced in the delay, although Harvey testified to the contrary.

The director of the department of public safety of the city also testified that if Harvey had been acquitted in the circuit court, he would have been reinstated as a policeman and would have been paid his back pay, on the theory that his suspension was undeserved.

■ It is our conclusion that the course followed by the city was proper and should be approved. When the charge made against a civil service officer or employee of a municipality, as the basis of his removal, is one which is the subject of an indictment in a court of criminal jurisdiction, the city is justified in awaiting the judgment of the criminal court and treating it as conclusive

of the truth of the charge. The city is merely a subdivision of the State, and we cannot give to the provisions of the charter a construction which would authorize the civil service board to adjudicate such a matter contrary to a judgment of conviction rendered by the State court having jurisdiction of the crime charged. No reasonable criticism can be made of the policy of the city in relieving Harvey from service until the charge of murder was disposed of, and when the truth of that charge was finally adjudicated, we think the effect was to justify the suspension, as well as to terminate the convicted defendant's tenure of office. The judgment of conviction would have been conclusive on a subsequent hearing by the civil service board, and such hearing would therefore have been a mere formality, the omission of which did not prejudice the accused.

The judgment dismissing the petition is accordingly affirmed.