STATE *ex rel.* ANDERSON *v.* CITY OF KNOXVILLE *et al.*

(*Knoxville,* September Term, 1940.)

Opinion filed November 23, 1940.

542

Joe C. Thomason and H. G. Trythall, both of Knoxville, for plaintiff in error.

Hartman, Lockwood & Carson, of Knoxville, for defendants in error.

Mr. Justice McKinney delivered the opinion of the Court.

This is a *mandamus* proceeding by which relator Anderson seeks to be restored to the clerical position of cashier in the Water Department of the City of Knoxville, and to recover his monthly salary of $135 during the period of his suspension. Relator served as such employee from March 9, 1925, until he was discharged on September 15, 1939.

The defendants filed demurrers to the petition, which the trial court sustained and dismissed the suit. Relator has duly brought the case to this court and assigned errors.

The City of Knoxville was created by Chapter 412, Private Acts of 1923, the title thereof being as follows:

"An Act to incorporate the City of Knoxville, in Knox County, Tennessee, and to define the rights, powers, and liabilities of the same; to fix the boundaries of said municipality, and to repeal all Acts or parts of Acts in conflict with this Act."

The title of the Act is the incorporation of the City of Knoxville, and to define its rights, powers and liabilities. Such is the customary and usual title or subject of acts creating municipal corporations, and it is not claimed that this is an insufficient or inadequate title for this character of legislation. Under this Charter certain employees of the City were placed under civil service.

By Chapter 281, Private Acts of 1937, the Charter was amended so as to provide that secretaries, stenographers and all clerical employees shall be under civil service. It was by virtue of this amendment that relator acquired a civil service *status*.

By Chapter 491, Private Acts of 1939, the Charter of the City was amended solely with respect to civil service. Section 5 provides that an aggrieved employee must file a written complaint within thirty days after his discharge; otherwise his claim shall be barred. Relator did not comply with this requirement. Section 12 of the Act is as follows:

"That due to the anticipated combination of the electric and water departments and the necessary readjustments in connection therewith, the rights conferred by this Act on the employees in the Departments under the

supervision of the Knoxville Electric Power and Water Board shall take effect on November 1, 1939, but in all other respects this Act shall take effect from and after its passage, the public welfare requiring it.''

It is conceded on behalf of relator that if this amendatory Act is valid, he is entitled to no relief. He insists, however, that the Act is unconstitutional in that it violates that portion of Article 2, Section 17, of the Constitution of Tennessee which provides: ''No bill shall become a law, which embraces more than one subject; that subject to be expressed in the title. All acts which repeal, revive or amend former laws, shall recite in their caption or otherwise, the title or substance of the law repealed, revived or amended.''

The title of Chapter 491, Private Acts of 1939, is as follows:

''An Act to amend an Act entitled, 'An Act to incorporate the City of Knoxville, in Knox County, Tennessee, and to define the rights, powers and liabilities of the same; to fix the boundaries of said municipality, and to repeal all Acts or parts of Acts in conflict with this Act, being Chapter 412 of the Private Acts of 1923 of the General Assembly of the State of Tennessee, and all Acts amendatory thereof.' ''

Section 11 of said Act is in this language:

''That all Acts and parts of Acts inconsistent with the provisions of this Act, and particularly Chapter 281, 559 and 838 of the Private Acts of 1937 of the General Assembly of the State of Tennessee, are hereby repealed.''

Counsel take the position that the Act is invalid because it does not recite in the caption or the body the title or substance of Chapter 281, Private Acts of 1937.

Upon this question Mr. Shannon in his Annotated Constitution of Tennessee, page 247, says:

"A statute reciting the title or substance of a former law and expressly purporting to amend same need not indicate the particular and specific character of the amendment, when.—An expressly amendatory act whose caption merely recites, without enlargement, the title of the act sought to be amended, and whose purview is germane to and embraced in the subject expressed in such recited title, is constitutional and valid. In other words, if the title of the original and amended act is sufficient to embrace the matter covered by the amendment, it is unnecessary that the title of the expressly amendatory act should indicate the particular and specific character of the proposed amendment beyond a correct recital of the title of the act amended. *Hyman* v. *State* [87 Tenn., 109], 3 Pickle, 109, 110, 111 [9 S. W., 372, 1 L. R. A., 497]; *State ex rel.* v. *Algood* [87 Tenn., 163], 3 Pickle, 163, 165, 166 [10 S. W., 310]; *State* v. *Runnels* [92 Tenn., 320], 8 Pickle, 320, 322, 323, [21 S. W., 665]; *Railway* [*Co.*] v. *State* [110 Tenn. 598], 2 Cates, 598, 611, 613, 614 [75 S. W., 730]; *Goodbar* v. *Memphis* [113 Tenn., 20], 5 Cates, 20, 35, 36 [81 S. W., 1061]; [*City of*] *Memphis* v. *Hastings* [113 Tenn., 142], 5 Cates, 142, 166 [86 S. W., 609, 69 L. R. A., 750]; *Wright* v. *Cunningham* [115 Tenn., 445], 7 Cates, 445, 454-456 [91 S. W., 293]; *Galloway* v. *Memphis* [116 Tenn., 736], 8 Cates [736], 747 [94 S. W., 75]; *Malone* v. *Williams* [118 Tenn., 390], 10 Cates [390], 446, 447 [103 S. W., 798, 121 Am. St. Rep., 1002]; [*Memphis St.*] *R.* [*Co.*] v. *Byrne* [119 Tenn., 278], 11 Cates [278], 308, 309 [104 S. W., 460]; *State* v. *Sexton* [121 Tenn., 35], 13 Cates [35], 41 [114 S. W., 494]; *Jackson* v. *Manufacturing Co.* [124 Tenn., 421], 16 Cates [421], 427 [137 S. W., 757].

"The title of an expressly amendatory statute, reciting the substance of the statute amended, need not in

any way indicate the character of the amendment, where the amendment is germane to the subject of the amended statute and is embraced within its title. *Wright* v. *Cunningham* [115 Tenn., 445], 7 Cates 445, 451, 454-456 [91 S. W., 293]."

The Act under attack is (1) expressly amendatory; (2) it recites in full the title of the Act sought to be amended; and (3) the matter dealt with therein is germane to the subject expressed in the amended Act.

■ An expressly amendatory act, reciting the title or substance of the original act sought to be amended, need not recite and purport to amend the intermediate amendments thereto, and such recital is unnecessary surplusage. *Goodbar* v. *Memphis,* 113 Tenn., 20, 34, 35, 81 S. W., 1061; *Van Dyke* v. *Thompson,* 136 Tenn., 136, 189 S. W., 62; *Heiskell* v. *City of Knoxville,* 136 Tenn., 376, 189 S. W., 857; *Minter* v. *State,* 145 Tenn., 678, 682, 238 S. W., 89. In the opinion in the first-named case it is said [113 Tenn., 20, 81 S. W., 1065]:

"What, in legal contemplation, was the effect of the amendments upon the original act or charter of 1879? Says Mr. Black, in his work on the Interpretation of Laws (section 13), viz.:

" 'When an amendment to a statute is adopted, there are not two separate enactments, the old and the new, but by their union there is produced one law, namely, the statute as amended.'

"Again, the same author says (section 131), viz.:

" 'An amendment of a statute by a subsequent act operates precisely as if the subject-matter of the amendment had been incorporated in the prior act at the time of its adoption, so far as regards any action had after the amendment is made. For it must be remembered that an amendment becomes a part of the original act,

whether it be a change of a word, a figure, line, or entire section, or a recasting of the whole language.'

"It being true, then, as a legal proposition, that the amendments to the charter of 1879 became incorporated therein as though contained in the original enactment, it follows that when these amendments were sought to be amended it was not necessary to refer to them, but to the original act, of which they had become a part.''

In *Van Dyke* v. *Thompson, supra,* the court had under consideration Chapter 10, Private Acts of 1911, the caption of which is as follows:

"An Act to amend the charter of the city of Chattanooga and all Acts amendatory thereof."

In sustaining the validity of the Act, the court said [136 Tenn., 136, 189 S. W., 63]:

"The title of the act of 1911 gave notice on the introduction of the bill that the subject of the legislation proposed by the bill was the amendment of the charter of the city of Chattanooga, Tenn., and further the amendment of all acts amendatory of the charter, and the body of the act, read in connection with the charter and all acts amendatory thereof, gave notice of those respects in which the charter and the acts amendatory thereof were proposed to be amended by the act. . . .

"The character of the act of 1911 is wholly amendatory. The subject on which it was designed to operate was the charter of the city of Chattanooga, which consisted at the time of the introduction of the act of 1911, of the original act of incorporation, and all acts amendatory thereof, howsoever numerous the amendatory acts might be.''

The only difference in that Act and the one we are considering is that in the latter the Legislature has said, in Section 11: "That all Acts and parts of Acts inconsistent with the provisions of this Act, and particularly

Chapter 281, 559 and 838 of the Private Acts of 1937 of the General Assembly of the State of Tennessee, are hereby repealed.'' It is only so much of the three Acts named as conflict with the new Act that are repealed. And that, in legal effect, is no more than inserting the general recital that ''all previous laws in conflict are repealed.''

In *Cheatham County* v. *Murff*, 176 Tenn., 93, 138 S. W. (2d), 430, 432, the court, speaking through Chief Justice GREEN, said:

''In many decisions the court has said that a general recital in the caption or body of a particular Act of the Legislature to the effect that all previous laws in conflict were repealed was without force. That 'its presence in the bill did not make the act a repealing law or a nonrepealing law; and it will not be regarded for the purpose of vitiating the law, nor will it be permitted to have that effect.' *State* v. *Yardley,* 95 Tenn., 546, 32 S. W., 481, 484, 34 L. R. A., 656; [*City of*] *Memphis* v. *American Express Co.,* 102 Tenn., 336, 52 S. W., 172; *Turner* v. *State,* 111 Tenn., 593, 69 S. W., 774; *Van Dyke* v. *Thompson,* 136 Tenn., 136, 189 S. W., 62; *Hibbett* v. *Pruitt,* 162 Tenn., 285, 36 S. W. (2d) 897.''

After all, it is a question of legislative intent which controls, and in this particular case it appears clearly that the Act before us is of an amendatory rather than a repealing character. The provisions of Chapter 281 were not, in fact, repealed, but they were amended; and clerical employees were continued under civil service with the exception of those in the Water Department, who, under Section 12, were taken out of civil service until November 1, 1939, before which date relator was discharged.

Our conclusion is that Chapter 491 of the Private Acts of 1939 is constitutional; that relator, being subject to its provisions, is not entitled to the relief sought; and that the judgment of the trial court so holding must be affirmed.