STATE *ex rel.* PAYLOR *v.* CITY OF KNOXVILLE *et al.*

(*Knoxville,* September Term (May Session) 1952.)

Opinion filed June 5, 1953.

O. M. TATE, JR., and J. C. THOMASON, both of Knoxville, for complainant.

DOUGLASS & BOLT and JOHN T. GILBERTSON, all of Knoxville, for defendants.

MR. JUSTICE PREWITT delivered the opinion of the Court.

The Chancellor hearing the cause on oral testimony, after overruling a demurrer to the mandamus bill, found that the relator, William J. Paylor, was illegally discharged from his position in which he was protected by civil service status, ordered him reinstated and entered a decree for back salary and interest. The City has appealed and assigned errors.

There is no doubt from the record that the relator was summarily dismissed without any charges being preferred or any kind of hearing, the city claiming that relator's position had been abolished. On the other hand, the relator claims that while the name of the position was changed, his duties were substantially the same. The City contends that the Chancery Court had no jurisdiction of this mandamus proceeding under the express provisions of Tennessee Code Section 9018.1, which is as follows:

"No court of record of this state shall entertain any proceeding involving the civil service status of a county or municipal employee when such proceeding is in the nature of an appeal from a ruling of a city or county official or board which affects the employment status of a county or city employee except such proceeding be one of common-law certiorari. Any such proceeding shall be heard by a judge or chancellor without the intervention of a jury. This section shall supersede and displace any provision of a city charter to the contrary. (1949, ch. 266, secs. 1, 2.)"

■ The Legislature had a right to limit appeal or review of the employee's claim to that of common-law certiorari. *City of Nashville* v. *Martin,* 156 Tenn. 443, 3 S. W. (2d) 164.

A comparable limitation may be found in the Beer Act, Tennessee Code, Section 1191.14, where relief is limited to common-law certiorari. Under such a statute we have held that mandamus does not lie. *State ex rel. Camper* v. *Pollard,* 189 Tenn. 86, 89, 222 S. W. (2d) 374.

■ The Chancellor held that the Code Section 9018.1 did not apply because there had been no formal hearing held according to the civil service provisions of the city charter and, therefore, there would be nothing for the court to review under the common-law writ of certiorari. Obviously, Code Section 9018.1 contemplated charges being preferred against the civil service employee and a hearing thereon, but limited the court hearing the certiorari proceedings to the proposition of whether the city acted illegally or arbitrarily.

■ We are of the opinion that mandamus is the proper remedy in this cause.

In *Morley* v. *Power,* 73 Tenn. 691, the Court held that mandamus will lie where the teacher of a public school under a valid contract, to compel the directors of a school district, who had unlawfully removed him, to reinstate him as teacher, and to issue to him an order or warrant on the proper disbursing officer of the school fund for the installments of his salary.

The same is held in the case of a city policeman. *Hawkins* v. *Kercheval,* 78 Tenn. 535; *State ex rel. Brumit* v. *Grindstaff,* 144 Tenn. 554, 234 S. W. 510; *State ex rel. Harvey* v. *City of Knoxville,* 166 Tenn. 530, 64 S. W. (2d) 7; *City of Knoxville* v. *State ex rel. Hayward,* 175 Tenn. 159, 133 S W. (2d) 465; *State ex rel. Anderson* v. *City of Knoxville,* 176 Tenn. 541, 144 S. W. (2d) 758; *State ex rel. Ball* v. *City of Knoxville,* 177 Tenn. 162, 147 S. W. (2d) 97, 145 A. L. R. 762; *State ex rel. Angle* v. *City of Knoxville,* 180 Tenn. 462, 176 S. W. (2d) 801; *State ex rel. Wilson* v. *Mays,* 190 Tenn. 156, 228 S. W. (2d) 97; *State ex rel. Ammons* v. *City of Knoxville,* 33 Tenn. App. 622, 232 S. W. (2d) 564.

The relator was discharged May 2, 1952. He was in the employ of the city from October 7, 1942 in clerical work largely of a bookkeeping and accounting nature.

The Chancellor was of the opinion that the statements of the bill were sustained by the proof; that relator while holding the position in the Finance Department, referred to as "Accountant and Office Manager", performing substantially the identical duties of the position officially called "Deputy Finance Director", which position was occupied prior to the tenure of relator by Herbert H. Cox; that the only difference between the duties of the position occupied by Cox, "Deputy Finance Director" and the position occupied by relator unofficially

called "Accountant and Office Manager" was that Cox signed voucher checks in his own name as "Deputy Finance Director", whereas relator signed voucher checks in the name of the Director of Finance by himself, and that the difference was not a substantial one. There is no doubt that a bookkeeper or accountant had civil service status under the charter. In so holding that relator had civil service status, we think the Chancellor was correct.

It results, therefore, that the decree of the Chancellor is affirmed.