168 So.2d 774 (1964)
Simon E. RUBIN, Sam A. Goldstein, Allen Goldberg, Henry E. Wolff, Carl Susskind, Paul Seiderman, Stanley Glatter, A.B. Freed, M.C. Hayes and Tom D. Womble, duly qualified and acting as the Personnel Board of the City of Miami Beach, Florida, Appellants,
v.
Leonard SANFORD, Appellee.
No. 64-277.
District Court of Appeal of Florida. Third District.
November 10, 1964.
Rehearing Denied December 8, 1964.
Joseph A. Wanick, Miami Beach, for appellants.
Irving Cypen Law Offices, Miami Beach, Sam Daniels, Miami, for appellee.
Before CARROLL, TILLMAN PEARSON and HENDRY, JJ.
HENDRY, Judge.
This is an appeal by members of the Personnel Board of the City of Miami Beach, from a judgment of the Circuit Court for Dade County restoring appellee, Leonard Sanford, to his civil service job of fireman in the city's fire department.
Removal proceedings were instituted by the Fire Chief of Miami Beach against appellee for conduct unbecoming an employee of the city. Specifically, appellee was charged with having been convicted by the criminal court of record of the charge of misleading advertising in connection with the sale of a used car.
A hearing was held before the appellants at which time evidence was produced in support of the charges against appellee. The personnel board dismissed the charges against appellee. The next day, the appellee was relieved from duty on the same charges. A second hearing was held before *775 the personnel board; after this second hearing, the charges were sustained by the board and appellee was discharged.
Thereafter, appellee sought review by certiorari in the circuit court. Upon hearing on the petition, the circuit court ordered appellee's reinstatement. The personnel board contends that the circuit court committed error in ordering appellee's reinstatement. We can not agree.
The personnel board was precluded by the doctrine of res judicata from proceeding with the second disciplinary proceedings. There is little question that administrative proceedings are subject to the doctrine of res judicata,[1] and the courts of this state have similarly so concluded.[2]
Finding no error, the judgment appealed is affirmed.
Affirmed.
CARROLL, Judge (concurring specially).
I concur in the opinion and judgment in this case, but because it must appear odd that the City of Miami Beach was unable to remove from its employment rolls one who was convicted in the criminal court of record of a crime involving fraud, when the civil service rules of the city provided that was a sufficient ground for removal,[1a] it would seem appropriate to explain how that came about.
The matter was instituted by a memorandum from the fire chief to the personnel director requesting that charges be prepared for the removal of the employee for the reason that he had been found guilty in the criminal court of a crime involving fraud.[2a] The charges which were prepared pursuant thereto and relied on before the board (and which we are told were the same in both the first and second proceeding before the board) were as follows:
"As a First and Separate Ground for Removal You Are Hereby Charged as Follows: You have been guilty of conduct unbecoming an employee of the city as set forth by Rule X2(b)3 of the personnel rules of the City of Miami Beach.
"Specification: You have been found guilty in the Criminal Court of Record in and for Dade County, Florida, of the charge of misleading advertising (an offense set forth and denounced by section 817.41(1) Florida Statutes, 1961 [F.S.A.]) as set forth and evidenced by an order entered by that court in said cause (case number 63-4906) on Oct. 7, 1963 and recorded in the Criminal Court of Record minute book 114, page 574. A true and correct copy of the proceedings in said cause, to wit, the *776 information, the transcript of testimony, and said order is attached hereto and made a part hereof by reference.
"As a Second and Separate Ground for Removal You Are Hereby Charged as Follows: You have violated Rule X, section 2(b) 1 in that you have been guilty of a criminal act, to wit, misleading advertising, as set forth in and denounced by section 817.41(1) of Florida Statutes, 1961 [F.S.A.], as evidenced by a true and correct copy of the proceedings had in case number 63-4906 in the Criminal Court of Record in and for Dade County, Florida, to wit, the information; transcript of testimony and order entered therein, being attached hereto and made a part hereof."
On the first hearing the board would not accept the conviction order as proof of the charges and dismissed them, taking the view that the evidence on which the conviction was obtained should be presented and be such as to establish guilt. No appellate review of that ruling was sought. Instead, the city filed the same charges again,[3] and at the second hearing presented the evidence as recorded in the criminal court trial. The board found that evidence sufficient to sustain the charges. On review by certiorari the circuit court disagreed, and held that the proof was inadequate in certain respects set out in the order of reversal.
The difficulty encountered by the city resulted from the fact that removal of the employee was not sought on a direct charge that he had been convicted of the crime involving moral turpitude. Had the charge been so laid, it could have been proved by introducing a certified copy of the judgment of the criminal court disclosing such conviction. See State v. Snyder, 136 Fla. 875, 187 So. 381; State ex rel. Harvey v. City of Knoxville, 166 Tenn. 530, 64 S.W.2d 7, 8.
Neither of the charges before the board alleged the employee had been convicted or found guilty of a crime involving turpitude. The first of the two charges was that he had been guilty of conduct unbecoming an employee. That was a separate ground from the prescribed ground of conviction of a crime involving turpitude. The fact that it was supported by a "specification" dealing with the conviction did not alter the nature of the charge, which was one alleging misconduct. The personnel rules did not provide that the charge of "conduct unbecoming an employee of the city" could be proved by showing conviction of a crime. Therefore, when the city charged misconduct, it was obliged to present evidence to establish the misconduct; and the "specification" appended to the charge also showed that the evidence at the criminal court trial was intended to be relied on by the city to prove the misconduct. The second charge came close to being a charge based on the conviction, but still did not proceed on that ground for removal. It charged the employee with having been guilty of the criminal act, but it did not charge him with having been convicted, or of having been found or adjudged guilty thereof. And by a specification under that charge the city listed, as evidence to support the charge, the criminal court proceedings and the evidence presented there. Therefore, the second charge as laid also was such as to call for presentation of evidence to establish it.
The decision of the circuit court holding the proofs were insufficient comes here with a presumption of correctness. The burden was on the appellant to demonstrate error, and that burden was not carried.
For the reasons stated, the circuit court judgment entered in the certiorari proceeding is entitled to be affirmed, both on the ground of res judicata and on the ground assigned by the circuit judge.
NOTES
[1] Tidewater Oil Co. v. Jackson, 320 F.2d 157 (10th Cir.1963); In re Federal Water and Gas Corporation, 188 F.2d 100 (3rd Cir.1951); Evans v. Monaghan, 306 N.Y. 312, 118 N.E.2d 452 (1954); 49 Yale L.J. 1250 (1940).
[2] Yovan v. Burdine's, Fla. 1955, 81 So.2d 555; Carol City Utilities, Inc. v. Miami Gardens Shopping Plaza, Inc., Fla.App. 1964, 165 So.2d 199.
[1a] The personnel rules of the city provide:

"Rule X, Section 2. (b) The following acts of employees shall be deemed sufficient cause for removal:
"1. Has been convicted of a criminal offense or misdemeanor involving turpitude; or has been guilty of an immoral or criminal act.
* * * * *
"3. Has been guilty of conduct unbecoming an employee of the city."
[2a] The memorandum from the fire chief was as follows:

"Re: Removal of Leonard Sanford "Please prepare charges for removal of Leonard Sanford.
"The specifications are that he has been found guilty on Monday, October 7, 1963 by Criminal Court of Record Judge Jack M. Turner of the offense of misleading advertising in violation of Section X2(b) 1; and upon the complaint of an individual, to wit, Robert R. Bond, in that Leonard Sanford did perpetrate a fraud upon one Robert R. Bond in the sale and purchase of an automobile in violation of Section X 2(b)3."
[3] This prompted the defense that the decision of the board on the first hearing was a bar to the second proceeding before it. Such defense was pleaded before the board, and was raised in the circuit court, and was argued here.